[S. F. No. 3713.  In Bank.—November 16, 1903.]

## In the Matter of the Estate of JAMES CAMPBELL, Deceased.

Estates of Deceased Persons—Decree of Distribution—Discharge of Administratrix—Time for Appeal—Dismissal.—The time for an appeal from probate orders, judgments, and decrees is limited by section 1715 of the Code of Civil Procedure to sixty days from the date of entry. This court has no jurisdiction of appeals from a decree of distribution or from a decree of final discharge of an administratrix, taken more than sixty days after their entry; and such appeals will be dismissed.

MOTION to dismiss appeals from a decree of distribution of the Superior Court of Santa Clara County and from a decree discharging an administratrix with the will annexed. M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

H. L. Gear, Charles W. Slack, and J. J. Dunne, for Appellant.

The decree of distribution appealed from in this case by heirs of the decedent is a final judgment for the direct pay-

ment of money to trustees under the will, in pursuance of a trust which is void in its creation, as suspending the power of alienation beyond heirs in being. (*Estate of Walkerly,* 108 Cal. 627, 657-658.[1]) It is a "final judgment in a special proceeding," within the express terms of section 939 of the Code of Civil Procedure, and is appealable as such within six months from the date of entry. Section 1715 should be construed, in principle, as applicable only to appeals in probate proceedings which are not from final judgments; and any case to the contrary should be overruled. Construction should favor the right of appeal. (*Appeal of Houghton,* 42 Cal. 51, 52; *San Francisco* v. *Certain Real Estate,* 42 Cal. 518; *Converse* v. *Burrows,* 2 Minn. 229; *Pearson* v. *Lovejoy,* 53 Barb. 407.) Statutes and the code are to be construed so as to give effect to each part. (*Chever* v. *Hazen,* 5 Cal. 169; *San Francisco* v. *Hazen,* 31 Cal. 412; *Langenour* v. *French,* 34 Cal. 92; *Gates* v. *Salmon,* 35 Cal. 576;[2] *People* v. *Southwell,* 46 Cal. 141; *McGary* v. *Pedrorena,* 58 Cal. 91.)

C. T. Bird, for Respondent.

The appeals must be dismissed. (Code Civ. Proc., sec. 1715; *Estate of Wiard,* 83 Cal. 619, and cases in which it is cited; *In re Walkerly,* 94 Cal. 353; *In re Backus,* 95 Cal. 672; *In re Heldt,* 98 Cal. 553; *In re Smith,* 98 Cal. 639; *Estate of Wittmeier,* 118 Cal. 256.)

THE COURT.—Decrees were entered herein making final distribution in February, 1903, and discharging the administratrix with the will annexed in April, 1903. Notices of appeal from these decrees were served August 15th following.— more than sixty days after their entry. Respondent moves to dismiss the appeals upon the ground that the notices were not served in time.

The motion must be granted. The time for appealing from probate orders, judgments, and decrees is limited by section 1715 of the Code of Civil Procedure to sixty days from date of entry, and this court has no jurisdiction of an appeal attempted after the lapse of that time. The decisions to this effect are numerous, and the language of the statute is plain.

---

[1] 49 Am. St. Rep. 97, and note.       [2] 95 Am. Dec. 139.

(See *Estate of Wiard,* 83 Cal. 619, and the numerous cases in which that decision has been cited and followed.)

The appeals are dismissed.