50 293<br>83 620

[No. 4591.]

## ISAAC BLUM v. BROWNSTONE BROTHERS.

APPEAL FROM PROBATE COURT.—An appeal does not lie from an order of the Probate Court refusing to quash an execution.

APPEAL.—An appeal to the Supreme Court is a procedure regulated by the provisions of the statute.

APPEAL from the Probate Court, County of Santa Cruz.

Blum was the guardian of the heirs of the estate of Nich-

olas Valencia, deceased. As such, he had in his hands money belonging to the heirs. Brownstone Brothers presented an account to him against certain of the heirs, which he refused to allow, but agreed to submit to the Probate Court the question whether they should be paid. The court made an order that he pay the accounts, and upon this order an execution was issued. He moved to quash it, but the court denied the motion, and he appealed from the order.

*C. B. Younger*, for the motion to dismiss the appeal.

The order is not one of the Probate Court orders mentioned in section 969 of the code, from which an appeal may be taken (*Johnson's Estate* v. *Tyson*, 45 Cal. 257), nor is it one of the special orders made after final judgment, mentioned in the third subdivision of section 939. Even if that section applies to appeals from Probate Court, it cannot be construed as allowing an appeal in cases not provided for in section 969. (*Peralta* v. *Castro*, 15 Cal. 511.)

*R. Thompson and A. Heath*, contra.

By the COURT:

An appeal to this Court is a procedure regulated by the provisions of the statute. The subjects of *appeal* from the *Probate Court* to this Court, are enumerated in section 969 of the Code of Civil Procedure. An order entered in the Probate Court refusing to quash an execution is not one of these, and the appeal attempted here, therefore, cannot be supported.

Appeal dismissed.