| 83 | 619 |
| 88 | 313 |
| 83 | 619 |
| 94 | 353 |
| 95 | 672 |
| 83 | 619 |
| 98 | 553 |
| 98 | 639 |
| 83 | 619 |
| 118 | 256 |
| 83 | 619 |
| a128 | 340 |
| 88 | 61t |
| 141 | 74 |
| 83 | 619 |
| 142 | 629 |

[No. 13093.  In Bank. — April 30, 1890.]

### IN THE MATTER OF THE ESTATE OF MARY JANE WIARD, DECEASED.

ESTATES OF DECEDENTS — DECREE OF DISTRIBUTION — TIME FOR APPEAL — DISMISSAL. — An appeal from a decree of distribution of an estate of a decedent is governed by section 1715 of the Code of Civil Procedure, which limits the time to sixty days after the entry of the decree, and will be dismissed if taken after the lapse of that period.

ID. — ORDER REFUSING TO VACATE DISTRIBUTION — APPEAL — DISMISSAL. — An order refusing to vacate a decree of distribution is not appealable; and such appeal will be dismissed by the supreme court of its own motion, though the objection be not made by the respondent.

MOTION to dismiss an appeal from a decree of the Superior Court of Alameda County.

The facts are stated in the opinion of the court.

*C. M. Jennings*, for Appellant.

*J. H. Smith*, for Respondent.

Fox, J.—Appeal from a decree of final distribution, and from an order subsequently made denying an application or motion to vacate and set aside said decree, and for a new trial.

The decree was rendered, filed, and entered March 12, 1888. An appeal from such a decree may be taken to the supreme court (Code Civ. Proc., sec. 963, subd. 3), and the general provisions of part 2 (of which said section is a part), relative to appeals, are applicable, except so far as they are inconsistent with the provisions of title 11, part 3, Code Civ. Proc., sec. 1714. Appeals from orders and decrees in probate proceedings are governed by chapter 12, title 11, of part 3. Section 1715, found in that chapter, provides that the appeal must be taken within sixty days after the order, decree, or judgment is entered. This appeal was not taken until December 22, 1888. The appeal from the decree must therefore be dismissed.

Subdivision 3 of section 963, Code of Civil Procedure, enumerates all the cases in which an appeal may be taken to this court from the superior court in probate procedings, and an order refusing to vacate a decree of distribution and settlement of final account is not one of them. (*Estate of Calahan*, 60 Cal. 232; *Estate of Lutz*, 67 Cal. 457. See also *Blum* v. *Brownstone*, 50 Cal. 293; *Estate of Dean*, 62 Cal. 613.)

Counsel has not made the point that the order refusing to vacate the decree is not appealable, but we cannot ignore the plain provisions of the statute, particularly after attention has been frequently called to them, because counsel has overlooked the point. The policy of the law is to facilitate, and not to delay, the settlement of the estates of deceased persons. The law gives a direct appeal from the decree, if taken in time, but it gives no appeal from an order of the conrt below refusing to vacate that decree, which is made only after several months of delay.

Appeal dismissed.

SHARPSTEIN, J., MCFARLAND, J., PATERSON, J., and THORNTON, J., concurred.