[S. F. No. 3450.  In Bank.—May 12, 1903.]

In the Matter of the Estate of WILLIAM C. TURNER, Deceased.

APPEAL—INEFFECTUAL SERVICE OF NOTICE UPON ATTORNEY—DEATH OF CLIENT.—The service of a notice of appeal upon the attorney for the adverse party after the death of his client is unauthorized and ineffectual for any purpose.

ID.—SUBSTITUTION AFTER LAPSE OF TIME FOR APPEAL—SECOND APPEAL—RUNNING OF STATUTE—PROBATE ORDER.—The service of the notice of appeal upon substituted parties after the lapse of the time for appeal can have no effect; and an attempted second appeal after the expiration of such time can be of no avail. The statutory time for appeal from a probate order begins to run at the date of the entry of the order appealed from; and the fact that there was no one representing the deceased respondent upon whom service of notice of appeal could be made did not suspend the operation of the statute.

DISMISSAL of appeal from an order of the Superior Court of Merced County denying a petition to be appointed administrator of the estate of a deceased person. E. N. Rector, Judge.

The facts are stated in the opinion of the court.

Sydney M. Van Wyck, for Appellant.

J. W. Knox, for Respondent.

LORIGAN, J.—This is a motion to dismiss an appeal.

On May 8, 1901, W. W. Gray was, and for many years had been, administrator of the above estate. The appellant on that day filed a petition to be appointed administrator. This Gray contested, and on March 10, 1902, the superior court of Merced County, in which said estate was being administered, made and entered on its minutes an order denying appellant's petition.

On April 12, 1902, Gray died, and on the 25th of the same month appellant filed a notice of appeal from said order denying his petition, which on the same day he served on J. F. Peck, who had acted as attorney for Gray in the proceeding.

On October 8, 1902, appellant had the executors of the will of Gray and the administratrix of Turner's estate substituted as contestants in place of Gray, and on the same day filed another notice of appeal from said order, and served it and the notice of appeal of April 25, 1902, on their attorneys.

This motion is based on the ground that no service of the notice of appeal was made either according to law or within the statutory time. We think the motion should be granted.

The service of the notice of appeal on Peck, the attorney who had represented Gray as contestant, after the latter's death, was ineffectual for any purpose. His authority as attorney ceased at the death of his client. (*Moyle* v. *Landers*, 78 Cal. 100; [1] *Pedlar* v. *Stroud*, 116 Cal. 462.)

Neither can the service on October 8, 1902, on the substituted respondents, of the notice of appeal of April 25, 1902, avail appellant. It was made long after the right of appeal had been exercised through filing the notice, and months after the time within which he could appeal had expired.

Nor could the attempted second appeal and service of the notice thereof be of any avail.

The time within which the appeal could be taken dated from the entry of the order of March 10, 1902, and the statute of limitations commenced to run against the right to so appeal on that date, and the fact that there was no one representing the contestant, Gray, upon whom service could be made, did not suspend its operation. (*Williams* v. *Long*, 130 Cal. 59.[2])

The right of appeal in *probate matters* and the method of

---

[1] 12 Am. St. Rep. 22.                [2] 80 Am. St. Rep. 68.

its exercise are purely statutory, and unless a strict compliance with the provisions of the law appears, the attempted appeal will be ineffectual.  The statute makes no provision for an extension of time within which all the necessary steps must be taken to perfect it; nor does it allow any extraneous circumstances—misfortune, accident, or death—to modify its express limitations or permit the courts to take such matters into consideration in construing its provisions.

The provisions of the law are at once mandatory and inflexible, and appellant not bringing himself within them, the appeal must be dismissed, and it is so ordered.

Angellotti, J., Shaw, J., Van Dyke, J., McFarland, J., and Beatty, C. J., concurred.