[S. F. No. 3649.   Department One.—March 28, 1904.]

In the Matter of the Estate of PATRICK H. CAHILL, De-
ceased.   JAMES CAHILL and WILLIAM CAHILL,
Appellants, v. ANASTASIA CAHILL, Respondent.

ESTATES OF DECEASED PERSONS—PROBATE HOMESTEAD—ORDER REFUS-
ING TO VACATE—APPEAL—DISMISSAL.—An order refusing to vacate
an order setting apart a homestead to the widow of the decedent
is non-appealable, and an appeal therefrom must be dismissed.

ID.—PROBATE PROCEEDINGS—JURISDICTION OF SUPREME COURT.—This
court has only such appellate jurisdiction in probate proceedings as
may be provided by law; and appeals lie in such proceedings only
from such orders and decrees as are enumerated in the third sub-
division of section 963 of the Code of Civil Procedure.   The pro-
visions of the second subdivision of section 963, relative to appeals
from orders made after final judgment, are not applicable to probate
proceedings.

MOTION to dismiss an appeal from an order of the Supe-
rior Court of the City and County of San Francisco refusing
to vacate an order setting apart a homestead.   Frank J.
Murasky, Judge.

The facts are stated in the opinion of the court.

Richard Harrison, for Appellants.

George A. Connolly, and Bien & Jackson, for Respondent.

VAN DYKE, J.—The appeal in this case is taken from an
order denying a motion of the appellants herein to vacate in
part a certain order made by the said court setting apart a
homestead to said Anastasia Cahill.

The respondent moves to dismiss the appeal so taken, on
the ground that the order appealed from is not an appealable
order, and we think the motion must be granted.

The constitution confers upon this court general appellate
jurisdiction in many matters, but in probate proceedings the
language conferring jurisdiction reads: "And in all such
probate matters as may be provided by law."   (Art. VI, sec.
4.)   It results, therefore, that this court has only such juris-
diction in probate matters as may be provided by law.   The

appellate jurisdiction in probate matters is prescribed in the third subdivision of section 963 of the Code of Civil Procedure, and there is no provision in that subdivision or elsewhere allowing an appeal from such an order as the one here involved. This question has been before the court in numerous cases, and uniformly decided adversely to the contention of the appellants herein. In *Estate of Wittmeier,* 118 Cal. 255, it is said: "Appeals in probate proceedings lie only from such orders and decrees as are enumerated in section 963, subdivision 3, of the Code of Civil Procedure. (*Estate of Calahan,* 60 Cal. 232; *Estate of Lutz,* 67 Cal. 457; *Estate of Wiard,* 83 Cal. 619.) The provisions of subdivision 2 of section 963, relative to appeals from orders made after final judgment, are not applicable to probate proceedings. (*Estate of Calahan,* 60 Cal. 232; *Estate of Walkerly,* 94 Cal. 352; *Estate of Smith,* 98 Cal. 636; *Iverson* v. *Superior Court,* 115 Cal. 27.)" (See further, to the same effect, *Estate of Hickey,* 121 Cal. 378, and *Estate of Hughston,* 133 Cal. 321.) The latter case was an appeal from an order refusing to revoke the probate of a will. The appeal was taken in January, 1901. In February of the same year the third subdivision of section 963 of the Code of Civil Procedure was amended so as to include an appeal from such an order, but this court held that that amendment did not have a retroactive effect, and dismissed the appeal, referring to *Estate of Winslow,* 128 Cal. 311. In *Estate of Turner,* decided by the court in Bank within the last year (139 Cal. 85), it is said: "The right of appeal in probate matters, and the method of its exercise, are purely statutory, and unless a strict compliance with the provisions of the law appears, the attempted appeal will be ineffectual. The statute makes no provision for an extension of time within which all the necessary steps must be taken to perfect it; nor does it allow any extraneous circumstances—misfortune, accident, or death—to modify its express limitations or permit the court to take such matters into consideration in construing its provisions. The provisions of the law are at once mandatory and inflexible, and appellant not bringing himself within them, the appeal must be dismissed, and it is so ordered."

The cases referred to and relied upon by appellants in resisting the motion are not probate cases, or arising under the

provisions of the code referred to, and no case of an order made in probate proceedings like the one here under consideration can be found in the reports. On the contrary, as already stated, the decisions on this question are all one way, and the court has no discretion in the matter, but must dismiss the appeal, and it is so ordered.

Angellotti, J., and Shaw, J., concurred.

Hearing in Bank denied.