[No. 215. First Appellate District.—September 27, 1905.]

In the Matter of the Estate of PAUL BOUYSSOU, Deceased,
    JEAN BOUYSSOU, Appellant, v. ALEXANDRE
    VAYSSIE, Respondent.

APPEAL—JURISDICTION IN PROBATE MATTERS.—Appellate jurisdiction in
    probate proceedings is limited to such probate matters "as may
    be provided by law," and does not extend to any cases not
    enumerated in section 963 of the Code of Civil Procedure.

ID.—NON-APPEALABLE AND APPEALABLE ORDERS—VACATING REFUSAL OF
    PROBATE—VACATING APPOINTMENT OF ADMINISTRATOR.—An order
    vacating an order refusing probate of a will is non-appealable, and
    an appeal therefrom will be dismissed; but an order vacating the
    appointment of an administrator is appealable, and a motion to
    dismiss an appeal therefrom will be denied.

ID.—ORDER SINGLE IN FORM—DISTINCT PROCEEDINGS—DISTRIBUTIVE
    CONSTRUCTION.—An order single in form granting a "motion to
    vacate order refusing probate of will and appointing adminis-
    trator," relates to wholly distinct proceedings, and is to be con-
    strued distributively, as containing separate non-appealable and
    appealable orders.

MOTION to dismiss appeals from an order of the Superior
Court of the City and County of San Francisco vacating an
order refusing probate of a will and from an order vacating
the appointment of an administrator. Frank H. Kerrigan,
Judge.

The facts are stated in the opinion of the court.

Philip L. Manson, and Lucius L. Solomons, for Appellant.

Jacob Samuels, and Oscar Samuels, for Respondent.

HARRISON, P. J.—A document purporting to be the last
will and testament of the above-named deceased, together
with a petition for its probate, was filed with the superior
court in and for the city and county of San Francisco No-
vember 2, 1904, and on November 17th the court made an
order denying it probate. Thereafter, December 9th, upon
the application of the respondent herein, an order was made
by the court vacating this order of November 17th. From

this latter order an appeal was taken by the administrator of the estate. The respondent now moves to dismiss the appeal upon the ground that it is a non-appealable order.

The constitution has conferred upon the supreme court appellate jurisdiction only in such probate matters "as may be provided by law"; and in section 963 of the Code of Civil Procedure the legislature has enumerated such matters as it has deemed appropriate to have reviewed by the supreme court. An order revoking an order refusing to admit a will to probate is not named in. that section, and consequently is not within the appellate jurisdiction of the supreme court. (See *Estate of Cahill*, 142 Cal. 628, [76 Pac. 383].)

The appeal herein purports to be taken by the administrator of the estate of the above-named decedent, and at the hearing of the motion it was urged on his behalf that, as an order revoking letters of administration is expressly made appealable by section 963, the appeal from that portion of the order should not be dismissed. The bill of exceptions merely refers to the order of November 17th as "denying probate of will and appointing administrator," without setting forth the order at length, and the order from which this appeal is taken is in the following words: "Motion to vacate order refusing probate of will and appointing administrator granted."

Although this is in form a single order, yet, as the order refusing probate of the will and the order appointing appellant as administrator were distinct proceedings before the superior court, this order revoking them must be read distributively and regarded as severally applicable to the former orders. The proceedings for the appointment of an administrator of the estate of a deceased person and for admitting a will to probate are entirely distinct, and are conducted upon different lines of procedure. The appointment of an administrator with the will annexed is to be made in the manner as provided for the granting of letters in cases of intestacy. (Code Civ. Proc., secs. 1350, 1426.) There is nothing in the bill of exceptions which indicates that the appointment of the appellant as administrator of the estate of the deceased did not proceed upon a record separate from that for the probate of the will, or that it was in any respect dependent upon the order denying probate to the will; and as

the order vacating this appointment is appealable the respondent's motion to dismiss the same must be denied.

The appeal from the order vacating the order denying probate to the will is dismissed. The motion to dismiss the appeal from the order vacating the appointment of an administrator is denied.

Hall, J., and Cooper, J., concurred.