[L. A. No. 5096.  Department One.—May 4, 1917.]

In the Matter of the Estate of DANIEL E. SPAFFORD, Deceased.  GERTRUDE E. SPAFFORD et al., Appellants, v. CITIZENS' TRUST AND SAVINGS BANK, Administrator, etc., Respondent.

APPEAL—ORDER REFUSING TO VACATE SETTLEMENT OF ADMINISTRATOR'S ACCOUNT.—An order denying a motion, made under section 473 of the Code of Civil Procedure, to vacate an order settling the accounts of an administrator of the estate of a deceased person, is not appealable.

APPEAL from an order of the Superior Court of Los Angeles County refusing to vacate an order settling the account of an administrator of the estate of a deceased person. James C. Rives, Judge.

The facts are stated in the opinion of the court.

M. A. Fleming, and Tobias R. Archer, for Appellants.

Tanner, Odell & Taft, Hunsaker & Britt, and Le Roy M. Edwards, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—This is an appeal from an order of court denying the motion of appellants, made September 5, 1916, under section 473 of the Code of Civil Procedure, to set aside and vacate an order of court, made on April 19, 1916, settling the account of the administrator of the estate of Daniel E. Spafford, deceased.

The order involved is not embraced by the provisions of subdivision 3 of section 963 of the Code of Civil Procedure, which specifies the orders and judgments from which an appeal may be had in probate proceedings.  Not only is there a want of statutory authority upon which to base the prosecution of an appeal from such an order, but this court has repeatedly refused to entertain appeals from such orders.  (See

*Estate of Lutz,* 67 Cal. 457, [8 Pac. 39]; *Estate of Calahan,* 60 Cal. 232, 233; *Estate of Wiard,* 83 Cal. 619, [24 Pac. 45]; *Estate of Cahill,* 142 Cal. 628, [76 Pac. 383].)

Appellants rely upon the opinion in the *Estate of Bauquier,* 88 Cal. 302, [26 Pac. 178, 532], wherein the court, in sustaining the right of appeal from an order denying a new trial to one named as executrix of a will and who had been adjudged incompetent, held that subdivision 2 of section 963 of the Code of Civil Procedure, which then authorized an appeal from an order granting or refusing a new trial, embraced all such orders whether made in probate proceedings or civil actions. There is nothing said in this opinion, however, which can be construed as authorizing an appeal from the order made in the case at bar. Indeed, the cases above referred to are cited with approval in so far as they determine that an appeal does not lie from an order of court vacating or refusing to vacate orders like the one which is the subject of this appeal.

The appeal is dismissed.

Sloss, J., and Shaw, J., concurred.

Hearing in Bank denied.