[L. A. No. 4964. Department One.—June 7, 1917.]

In the Matter of the Estate of CLARK P. ALLEN, Deceased.

APPEAL—MATTERS IN PROBATE—ORDERS MADE AFTER JUDGMENT.—Appellate jurisdiction in probate matters extends only to such orders and judgments as are specified in the third subdivision of section 963 of the Code of Civil Procedure, subject to the limitation that an appeal will lie from an order granting or denying a motion for a new trial. The provision of subdivision 2 that an appeal may be taken from a special order made after final judgment has no application to probate proceedings.

ID.—VESTING OF HOMESTEAD—BILL OF EXCEPTIONS—FAILURE TO PRESENT IN TIME—ORDER REFUSING TO RELIEVE FROM FAILURE NOT APPEALABLE.—No appeal lies from an order refusing to grant relief, under section 473 of the Code of Civil Procedure, from the failure to present within the time allowed by law a bill of exceptions to be used on an appeal denying the petition of the widow of a decedent for a decree that a homestead had vested in her as the surviving spouse.

APPEAL from an order of the Superior Court of Los Angeles County denying an application for relief from the consequences of the failure to prepare a bill of exceptions, within the time allowed by law. James C. Rives, Judge.

The facts are stated in the opinion of the court.

Charles Lantz, and Howard F. Shepherd, for Appellant.

Hahn & Hahn, for Respondent.

SLOSS, J.—Hattie E. Allen, widow of the decedent, appealed from an order denying her petition for a decree that a homestead had vested in her. We have just given judgment affirming the order. (*Estate of Allen, ante,* p. 354, [165 Pac. 1010].) The opinion filed on that appeal shows that no reporter's transcript or bill of exceptions was brought up.

The present appeal has to do with the petitioner's effort to secure such bill of exceptions. It appears that, for some reason, she failed to propose her bill within the time allowed, and then, upon due notice, applied to the court, under section 473 of the Code of Civil Procedure, for relief from the consequences of such failure. Her motion was based upon

the ground of excusable neglect. The court denied the motion, and from the order of denial the widow now appeals.

The appeal cannot be considered. The order sought to be reviewed is not one from which an appeal lies. We have very recently (*Estate of Spafford, ante,* p. 52, [165 Pac. 1]) had occasion to reaffirm the well-settled rule that the appellate jurisdiction in probate matters extends only to such orders and judgments as are specified in the third subdivision of section 963 of the Code of Civil Procedure. (*Estate of Calahan,* 60 Cal. 232; *Estate of Lutz,* 67 Cal. 457, [8 Pac. 39]; *Estate of Wiard,* 83 Cal. 619, [24 Pac. 45]; *Estate of Wittmeier,* 118 Cal. 255, [50 Pac. 393]; *Estate of Cahill,* 142 Cal. 628, [76 Pac. 383].) This rule is subject to the limitation that an appeal will lie from an order granting or denying a motion for a new trial, in those proceedings in probate in which such motion is proper. (*Estate of Bauquier,* 88 Cal. 302, [26 Pac. 178, 532]; *Estate of Walkerly,* 94 Cal. 352, [29 Pac. 719]; *In re Spencer,* 96 Cal. 448, [31 Pac. 453].) But with this exception, subdivision 3 is the only part of section 963 to which resort may be had in determining what orders or judgments in probate may be made the subject of an appeal. The provision of subdivision 2 that an appeal may be taken from a special order made after final judgment has no application to probate proceedings. (*Estate of Walkerly, supra; Estate of Smith,* 98 Cal. 636, [33 Pac. 744]; *Iversen* v. *Superior Court,* 115 Cal. 27, [46 Pac. 817]; *Estate of Cahill, supra.*)

The order here in question is not embraced within the terms of subdivision 3 of section 963. Counsel for appellant cites a number of cases, of which *Stonesifer* v. *Kilburn,* 94 Cal. 33, [29 Pac. 332], is an example, in which this court has entertained appeals from orders granting or refusing the relief which was here sought. None of these, however, was a proceeding in probate. All were civil actions, and the order was therefore appealable as a "special order made after final judgment." (Code Civ. Proc., sec. 963, subd. 2.)

The appeal is dismissed.

Shaw, J., and Victor E. Shaw, J., *pro tem.,* concurred.