[Civ. No. 4944.  First Appellate District, Division Two.—December 5, 1924.]

In the Matter of the Estate of JANE SANDERS, Deceased. JESSIE A. WHITE et al., Appellants, v. HENRY KIRCHMANN, Sr., et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—APPEAL—JURISDICTION.—The district court of appeal has jurisdiction of appeals in probate matters only by virtue of the provisions of section 963, subdivision 3, of the Code of Civil Procedure.

[2] WILLS—REFUSAL TO REVOKE PROBATE—MOTION TO VACATE PRIOR ORDER—APPEAL.—An order refusing to revoke the probate of a will is an appealable order, but an order refusing to set aside an order denying or dismissing an application to revoke the probate of a will is not an appealable order.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to set aside an order dismissing an application to revoke the probate of a will. Daniel C. Deasy, Judge. Appeal dismissed.

---

(1) 15 C. J., p. 1031, n. 59 New.    (2) 3 C. J., p. 570, n. 44, p. 571 n. 47.

1.  See 2 Cal. Jur. 190.
2.  See 2 Cal. Jur. 195.

o

The facts are stated in the opinion of the court.

Marion Weston Cottle for Appellants.

Hugo D. Newhouse and Russell P. Tyler for Respondents.

STURTEVANT, J.—This is a purported appeal in a probate proceeding. Jane Sanders died testate on the twenty-third day of May, 1918. On May 28, 1918, the respondents filed her will for probate; thereafter the will was admitted to probate and the respondents qualified and have continued to act as executor and executrix of the will. On the twenty-eighth day of August, 1919, the appellants filed a contest and asked for an order revoking the probate of the will. Thereafter on May 26, 1920, the contestants appeared in open court and voluntarily moved to dismiss the contest. The next day the judgment of dismissal was duly entered. On November 1, 1920, the appellants served and filed a notice that thereafter they would move the trial court for an order permitting them to withdraw their motion to dismiss, for an order setting aside and vacating the dismissal, and for other relief, specifying it. It was stated in the notice last mentioned that the application would be made on the ground that the motion of dismissal was made through the mistake, inadvertence, surprise, and excusable neglect of the moving parties. After numerous affidavits had been filed, the application was heard and on December 8, 1920, an order was entered refusing to vacate the order of dismissal. From the order last mentioned the appellants filed a purported notice of appeal. While the appeal was pending in this court the respondent did, on September 26, 1924, serve and file a notice of motion to dismiss. On October 2, 1924, an order was made that the appellants might have fifteen days to file a brief on the cause on its merits and on the motion to dismiss, and that the motion and the cause would then stand submitted.

In the view that we take of the matter we think it is not necessary to consider the appeal on its merits. [1] This court has jurisdiction of appeals in probate matters only by virtue of the provisions of the statute. The statute on that subject is section 963, subdivision 3, of the Code of Civil Procedure. [2] An order refusing to revoke the probate

of a will is an appealable order, but an order refusing to set aside an order denying an application to revoke the probate of a will is not an appealable order. (*Estate of Overton,* 13 Cal. App. 117 [108 Pac. 1021].) In that case the orders dealt with a family allowance, but the reasoning of the court is directly applicable. To the same effect see *Estate of Allen,* 175 Cal. 356 [165 Pac. 1011]. What has just been said is not in conflict with anything contained in the case entitled *Estate of Baker,* 170 Cal. 578 [150 Pac. 989]. Some of the facts of that case were as follows: Samuel F. Baker died testate. He left surviving him a sister, Mary J. Farrand. His will was admitted to probate and an executor was appointed. Within one year after the will was admitted to probate Mary J. Farrand filed a contest on the ground of unsoundness of mind of the testator and the undue influence exercised upon him. Before the contest was heard Mary J. Farrand died. On March 19, 1914, the day set for the hearing of the contest, the former attorneys of Mary J. Farrand called to the attention of the court the death of the contestant. The executor moved to dismiss the contest. No notice of that motion had been served on Mary J. Farrand or her personal representative. The motion was granted. About two months thereafter the administrator of Mary J. Farrand moved to set aside the order of dismissal and further asked to be substituted in the place of Mary J. Farrand. The motions were denied; an appeal was taken and it was contended that the appeal should be dismissed as the order was not appealable. The court stated, as we have stated, that such is the general rule. However, it was pointed out that the order of dismissal under the facts of that case was in the nature of an *ex parte* order, and under those circumstances the order refusing to vacate the order dismissing the contest was an appealable order.

The motion to dismiss the appeal should be granted, and it is so ordered.

Langdon, P. J., and Nourse, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 2, 1925.

All the Justices concurred.