[Civ. No. 1972. Fourth Appellate District.—June 25, 1936.]

In the Matter of the Estate of THOMAS GRUSSING, Deceased. JOHANNA GRUSSING WILSON et al., Appellants, v. MARY T. GRUSSING, Respondent.

12

Sharpless Walker for Appellants.

William P. Webb for Respondent.

TURRENTINE J., *pro tem.*—Thomas Grussing died testate. His will was duly admitted to probate, and Henry Grussing, the executor therein named, was thereafter appointed and qualified as such executor. He was an heir at law of said decedent and at all times since his appointment was and now is the duly appointed, qualified and acting executor of the will of decedent. After his qualification and on May 14, 1935, decedent's widow filed her petition for an order to set apart a probate homestead, Leonard Evans, the attorney for the executor and said estate being duly served with a copy thereof on the same date. Hearing on said petition was set for May 31, 1935, and notice of the hearing thereof was given in the manner required by the Probate Code. On May 31st said petition was heard and Mr. Evans, the attorney representing said estate, was present in court.

The matter was regularly continued and on June 15, 1935, the court set apart to the widow the homestead in question for the period of her natural life. The order setting apart the property as a homestead is appealable (Probate Code, sec. 1240), and no appeal having been taken, it became final 60 days after June 15, 1935. On September 13, 1935, appel-

lants filed their motion to vacate said order on the ground of mistake, inadvertence, surprise and excusable neglect, as contemplated by section 473 of the Code of Civil Procedure, which motion was, after several continuances, duly heard and denied by the court on November 14, 1935. On November 25, 1935, notice of appeal was served and filed by appellants from the order denying their petition and motion to vacate the order setting apart the homestead.

It is to be noted that this appeal is in the probate proceeding of the estate of Thomas Grussing, deceased. The appeal cannot be considered. The order sought to be reviewed is not one from which an appeal lies. ■ The appellate jurisdiction in probate matters extends only to such orders and judgments as are specified in the third subdivision of section 963 of the Code of Civil Procedure and in section 1240 of the Probate Code. This rule is subject to the limitation that an appeal will lie from an order granting or denying a motion for new trial in those proceedings in probate in which such motion is proper. The provision of subdivision 2 of section 963 of the Code of Civil Procedure that an appeal may be taken from a special order made after final judgment has no application to probate proceedings. The order here in question is not embraced within the provisions of subdivision 3 of section 963 of the Code of Civil Procedure or within the terms of Probate Code, section 1240. (*Estate of Allen,* 175 Cal. 356 [165 Pac. 1011]; *Estate of Maïlhebuau,* 201 Cal. 664 [258 Pac. 378]; *Estate of Sanders,* 70 Cal. App. 127 [232 Pac. 733]; *Estate of Wilson,* 199 Cal. 199, 200 [248 Pac. 666].) In *Estate of Maïlhebuau, supra,* page 666, the court says:

"Only such appeals in probate as are allowed by subdivision 3 of section 963 of the Code of Civil Procedure can be entertained by this court. . . . If it be conceded that said order is void, nevertheless as long as it is an order in probate from which no appeal is provided, it will not be examined by this court to ascertain or declare its validity or invalidity."

This is the law in California with the exception that appeals in probate are now allowed by section 1240 of the Probate Code. "An appeal may be taken from a superior court in the following cases: . . . (3) From such probate orders and decrees as are made appealable by the provisions of the

probate code.'' (Code Civ. Proc., sec. 963, subd. 3; *Estate of Patterson,* 220 Cal. 370 [31 Pac. (2d) 197].)

Appellant seeks to justify his appeal on the authority of *Estate of Baker,* 170 Cal. 578 [150 Pac. 989]. This case is distinguished in the case of *Estate of Sanders, supra,* and we feel that *Estate of Allen, supra,* and *Estate of Sanders, supra,* are squarely in point and require that this appeal be dismissed. Appellants assert that the order setting apart the homestead was an *ex parte* order. As we have seen, however, notice of said hearing was given in the manner provided by the Probate Code, which notice is sufficient and binding on the heirs, legatees and devisees. ''A proceeding relating to the probate of a will is essentially one *in rem,* and a statute providing for a constructive notice by publication or posting gives notice to the world. . . . Viewing this matter in the light of constitutional law, it is not necessary that there should be a personal notice served upon anyone.'' (*Estate of Davis,* 136 Cal. 590, 595 [69 Pac. 412].) We think this applicable to the proceedings herein involved. ''The main claim, as stated in the affidavit, was, that the heirs had no notice or knowledge of the 'filing or granting of the petition for sale of real estate'. The heirs had notice. The estate had been long pending in court. The statutory mode of acquiring jurisdiction was followed. The court acquired jurisdiction, and, although the notice was constructive, it was none the less binding upon all the world.'' (*Estate of Leonis,* 138 Cal. 194, 200 [71 Pac. 171, 174].)

Our conclusions render the other facts in the case immaterial and the other points of law raised academic.

The appeal is dismissed.

Barnard, P. J., and Marks, J., concurred.