[L. A. No. 17536.   In Bank.—July 3, 1940.]

In the Matter of the Estate of MICHAEL F. O'DEA, Deceased.   HENRY J. O'DAY et al., Appellants, v. JAMES LYNCH et al., Respondents.

Claud B. Andrews, John Leo Harris and Mosher & Shafer for Appellants.

Salisbury, Robinson & Himrod, Freston & Files and Faries & McDowell for Respondents.

CURTIS, J.—This is a motion to dismiss an appeal from an order denying the motion of the appellants to be relieved of their default for failure to appear at the trial. The appellants' motion to be relieved of said default was made in pursuance of the provisions of section 473 of the Code of Civil Procedure. The present motion to dismiss is made upon the ground that the order of denial from which the appeal purports to be taken is not an appealable order. The proceeding in which said order of denial was made was instituted under section 1080 of the Probate Code to determine the heirs of Michael F. O'Dea, deceased, who died intestate and whose estate was then in course of administration in the Probate Court of the County of Los Angeles. The appellants herein, Henry J. O'Day and Genevieve O'Day Jensen, together with hundreds of other claimants, had appeared in said proceeding and after a number of days' trial the court, on July 25, 1939, made an order of dismissal and nonsuit against 235 of said claimants, including the two appellants herein. Thereafter, and on April 15, 1940, the appellants made a motion to set aside said order and for relief under section 473 of the Code of Civil Procedure. This motion was denied, and the present purported appeal was taken by the appellants from said last-named order.

Section 1240 of the Probate Code specifies the orders and judgment in probate from which an appeal will lie, and an order denying relief under section 473 of the Code of Civil Procedure is not one of the orders so specified. A proceeding to determine heirship is a matter in probate. (*In re Blythe*, 110 Cal. 226 [42 Pac. 641].) As this order denying the appellants' motion brought under section 473 of the Code of Civil Procedure to be relieved of their default was one made in probate, no appeal will lie from said order under the provisions of said section 1240 of the Probate Code.

The only exception to this general rule confining appeals from orders or judgments in probate to those specified in said section 1240 of the Probate Code is that an appeal will lie from an order granting or denying a motion for a new trial in those proceedings in probate in which motion is proper. (*Estate of Allen*, 175 Cal. 356 [165 Pac. 1011].)

The exception to the general rule is fully considered in the case of *Estate of Armstrong,* 8 Cal. (2d) 204 [64 Pac. (2d) 1093], and the reason therefor is explained in some detail. In that case we reiterate our adherence to the general rule, as stated above, and to the exception thereto as declared in the *Estate of Allen, supra.* Section 1240 of the Probate Code is simply the reenactment of subsection 3 of section 963 of the Code of Civil Procedure, and this court has on numerous occasions held that no appeal will lie from an order in probate denying relief under section 473 of the Code of Civil Procedure, or from any other order not specified in subsection 3 of section 963 of the Code of Civil Procedure, with the one exception above mentioned. (*Estate of Allen, supra, Estate of Spafford,* 175 Cal. 52 [165 Pac. 1], *Estate of Calahan,* 60 Cal. 232, *Estate of Lutz,* 67 Cal. 457 [8 Pac. 39], *Estate of Wiard,* 83 Cal. 619 [24 Pac. 45], and *Estate of Cahill,* 142 Cal. 628 [76 Pac. 383].)

The appellants rely upon the case entitled *Estate of Baker,* 170 Cal. 578 [150 Pac. 989], but in that case the order of dismissal was made in a proceeding in which the party against whom the proceeding was intended to be dismissed was dead on the date when said order was made, and her personal representative, not having been appointed until after the time to appeal from said order of dismissal had expired, had no opportunity to appeal from said order of dismissal. When the personal representative of the deceased had qualified as such, he moved to set aside the order of dismissal, and upon his motion being denied he appealed from the order of denial and this court reversed said order. In reversing said order this court stated "Since the judgment sought to be vacated was subject to an appeal, the right to this appeal from the order refusing to vacate it *under the indicated circumstances* is with the administrator." (Emphasis ours.) The peculiar and unusual situation arising out of the facts in that case does not lay down any general exception to the rule that appeals in probate matters must be limited to those orders and judgments specified in section 1240 of the Probate Code. On the other hand, the language of that decision and the question thereby decided should be construed with relation to the facts of that case, and confined to cases of similar import. The facts in the instant case have no similarity to those in the Baker case and for that reason the decision herein should

640

not in any manner be controlled by what was said in that case.

The motion to dismiss the appeal should be and hereby is granted.

Shenk, J., Gibson, C. J., and Edmonds, J., concurred.

Rehearing denied.