[Civ. No. 17105.   Second Dist., Div. Three.   June 30, 1949.]

Estate of WILLIAM S. HART, Deceased. WILLIAM S. HART, JR., Appellant, v. WILLIAM R. McKAY et al., Respondents.

Freston & Files, Eugene D. Williams and Ralph E. Lewis for Appellant.

Fred N. Howser, Attorney General, Elizabeth Miller, Deputy Attorney General, Harold W. Kennedy, County Counsel, Ernest Purdum, Deputy County Counsel, Howard B. Henshey, B. D. Clanton, Sidney W. Bachtell, Thomas W. Howard, Kenneth Carey, Tanner, Odell & Taft, Donald O'Dell, Stimson & Edwards, Noel Edwards, Spray, Gould & Bowers, and Joseph A. Spray for Respondents.

VALLÉE, J.—Motion to dismiss the appeal which is from an order denying a motion to change the place of trial of a proceeding to revoke probate of a will. The ground of the motion is that the order is nonappealable.

Respondents argue that the order is nonappealable because it is not one of the orders listed in Probate Code, section 1240, from which an appeal may be taken and there is no authority in law for the appeal.

Appellant contends that Probate Code, section 1240, is not an exclusive or complete compilation of all orders in probate made appealable but that it is coordinate with Code of Civil Procedure, section 963, subdivision 2, that an order "changing or refusing to change the place of trial" is specifically listed in subdivision 2 of section 963 as an appealable order and that the appeal lies under subdivision 2. Counsel in their briefs and in the oral argument have extensively reviewed the authorities with marked ability and thoroughness.

The court has jurisdiction on appeal only of "such probate matters as may be provided by law." (Const. art. VI, §§ 4, 4b.) The right of appeal in probate matters is purely statutory. (*Estate of Turner*, 139 Cal. 85, 86 [72 P. 718].)

Although a proceeding to revoke probate of a will possesses some of the attributes of a civil action it is a probate matter. (*Estate of Patterson*, 220 Cal. 370, 371 [31 P.2d 197].)

Prior to 1880, Code of Civil Procedure, section 969, specified the judgments and orders of the probate court from which an appeal might be taken. It included as subdivision 8 an order "Granting or overruling a motion for a new trial." Section 963 was then, as now, the statute which prescribed the judgments and orders in civil actions and special proceedings from which an appeal might be taken. In 1880, section 969 was repealed and subdivision 3 was added to section 963. Subdivision 3 contained all of the provisions of section 969 except subdivision 8. Subdivision 2 of section 963 then provided that an appeal might be taken "from an order granting or refusing a new trial."

*In re Bauquier*, 88 Cal. 302 [26 P. 178, 532], decided after the changes in 1880, was an appeal from an order denying a motion for a new trial in a contested proceeding on an application for the appointment of an executrix. It was held that an order on a motion for a new trial in probate was appealable although such order was not one of those enumerated in subdivision 3 of section 963. The decision was grounded upon the proposition that subdivision 2 of section 963, which authorized an appeal "from an order granting or refusing a new trial," embraced "all such orders, whether made in probate proceedings or in civil actions."

From the decision in the Bauquier case to the enactment of the Probate Code in 1931 it was consistently held that the only appealable judgments and orders in probate matters were those listed in subdivision 3 of section 963 and an order

granting or refusing a new trial in those proceedings in probate in which the motion was proper. (See cases collected in 11A Cal.Jur. §§ 127, 139, pp. 204, 216; 5 Cal.Jur. 10-Yr. Supp. [1944 Rev.] §§ 127, 139, pp. 809, 812.)

Appellant relies upon *Estate of Armstrong,* 8 Cal.2d 204 [64 P.2d 1093]. The Armstrong case was an appeal from an order granting a new trial in a will contest after probate. The respondents there contended that because such appeal was not expressly included in Probate Code, section 1240, this right of appeal had been eliminated by implication. The court noted that ever since the decision in *In re Bauquier,* 88 Cal. 302 [26 P. 178, 532], it had been uniformly held that an order granting a new trial following a judgment in a will contest was appealable. It said that Probate Code, section 1240, is a substitute for subdivision 3 of section 963 of the Code of Civil Procedure, that it was not the intent or purpose of the Code Commission in compiling the Probate Code to effect the repeal of any provision of the Code of Civil Procedure or of the Civil Code except such sections as were expressly repealed, and held that, page 208: "In view of the declared policy of the code commission, and in the absence of any positive indication of an intention on the part of said commission to take away the right of appeal from an order granting a new trial in those proceedings in probate in which such motion is proper, we are satisfied that such right of appeal continues to exist, and that the order herein appealed from is an appealable order." We find nothing in the Armstrong case lending support to appellant's contention.

The Armstrong case was followed by *Estate of O'Dea,* 15 Cal.2d 637 [104 P.2d 368], which was an appeal from an order denying a motion to set aside an order of dismissal in a proceeding to determine heirship. The court in the O'Dea case stated, pages 638, 639: "Section 1240 of the Probate Code specifies the orders and judgments in probate from which an appeal will lie, and an order denying relief under section 473 of the Code of Civil Procedure is not one of the orders so specified. A proceeding to determine heirship is a matter in probate. (*In re Blythe,* 110 Cal. 226 [42 P. 641].) As this order denying the appellants' motion brought under section 473 of the Code of Civil Procedure to be relieved of their default was one made in probate, no appeal will lie from said order under the provisions of said section 1240 of the Probate Code. The only exception to this general rule confining appeals from orders or judgments in probate to those

specified in said section 1240 of the Probate Code is that an appeal will lie from an order granting or denying a motion for a new.trial in those proceedings in probate in which motion is proper. (*Estate of Allen,* 175 Cal. 356 [165 P. 1011].) [Use of "or denying" was an inadvertent error—"or refusing" was deleted in 1915—Stats. 1915, p. 209.] The exception to the general rule is fully considered in the case of *Estate of Armstrong,* 8 Cal.2d 204 [64 P.2d 1093], and the reason therefor is explained in some detail. In that case we reiterate our adherence to the general rule, as stated above, and to the exception thereto as declared in the *Estate of Allen, supra.* Section 1240 of the Probate Code is simply the reenactment of subsection 3 of section 963 of the Code of Civil Procedure, and this court has on numerous occasions held that no appeal will lie from an order in probate denying relief under section 473 of the Code of Civil Procedure, *or from any other order not specified in subsection 3 of section 963 of the Code of Civil Procedure with the one exception above mentioned.*" (Italics added.) The Supreme Court has not since deviated from this rule. (*Howaldt* v. *Superior Court,* 18 Cal.2d 114, 116 [114 P.2d 333]; *Estate of Green,* 25 Cal.2d 535, 545 [154 P.2d 692]; *Howard* v. *Superior Court,* 25 Cal.2d 784, 787 [154 P.2d 849]; *Estate of Butler,* 29 Cal.2d 644, 645 [177 P.2d 16, 171 A.L.R. 343]; *Estate of Brady,* 32 Cal.2d 478, 479 [196 P.2d 881].)

In previous cases the precise contention made by appellant here has been made and rejected. *In re Smith,* 98 Cal. 636 [33 P. 744], was an appeal from an order granting a new trial and from an order permitting an amendment to a statement on a motion for a new trial, both orders having been made in a will contest. The appellant contended that the appeal was properly taken from both orders under Code of Civil Procedure, section 963, subdivision 2, because that subdivision provided for an appeal "from an order granting or refusing a new trial" and "from any special order made after final judgment," and that the order permitting the amendment to the statement was a special order made after final.judgment. The court held that an appeal did not lie from the order permitting the amendment of the statement and that it did lie from the order granting a new trial.

*Estate of Wittmeier,* 118 Cal. 255 [50 P. 393], was an appeal from an order of the probate court adjudging an executrix in contempt for refusing to obey a decree of distribution. the appeal was dismissed. The court said, page 256: "The

provisions of subdivision 2 of section 963, relative to appeals from orders made after final judgment, are not applicable to probate proceedings.''

*Estate of Spafford,* 175 Cal. 52 [165 P. 1], held that an appeal did not lie from an order denying a motion made under Code of Civil Procedure, section 473, to vacate an order settling the account of an administrator, the court saying, page 53: ''Appellants rely upon the opinion in the *Estate of Bauquier,* 88 Cal. 302 [26 P. 178, 532], wherein the court, in sustaining the right of appeal from an order denying a new trial to one named as executrix of a will and who had been adjudged incompetent, held that subdivision 2 of section 963 of the Code of Civil Procedure, which then authorized an appeal from an order granting or refusing a new trial, embraced all such orders whether made in probate proceedings or civil actions. There is nothing said in this opinion, however, which can be construed as authorizing an appeal from the order made in the case at bar.''

*Estate of Allen,* 175 Cal. 356 [165 P. 1011], was also an appeal from an order made under section 473. The court stated, page 357: ''The provision of subdivision 2 that an appeal may be taken from a special order made after final judgment has no application to probate proceedings.'' (See, also, *Estate of Grussing,* 15 Cal.App.2d 11 [59 P.2d 152].) We do not think it can be said, as appellant suggests, that there are no final judgments in probate which can be followed by special orders and that this is the reason it has been held that an appeal does not lie from a special order made after final judgment in a probate matter.

Appellant argues that in the cases heretofore decided in which it was held that an appeal did not lie with respect to a probate matter, the particular matter under consideration was one which did not come under *either* Probate Code, section 1240, or its predecessor subdivision 3 of section 963, Code of Civil Procedure, or subdivision 2 of section 963, Code of Civil Procedure, and that, therefore, there was no necessity of examining the provisions of subdivision 2. We cannot agree. Special orders made after final judgment are appealable under subdivision 2. They have repeatedly been held nonappealable if made in probate. (*Estate of Cahill,* 142 Cal. 628 [76 P. 383]; *Estate of Spafford,* 175 Cal. 52 [165 P. 1]; *Estate of Allen,* 175 Cal. 356, 357 [165 P. 1011]; *Estate of Bouyssou,* 1 Cal.App. 657 [82 P. 1066]; *Estate of Sanders,* 70 Cal.App. 127 [232 P. 733]; *Estate of Ryker, ante,* p. 162

[206 P.2d 406].) An order denying a motion for judgment notwithstanding the verdict was not appealable under section 963, subdivision 3. It is not appealed under Probate Code, section 1240. It is appealable under subdivision 2 of section 963. *Estate of Webster,* 43 Cal.App.2d 6 [110 P.2d 81, 111 P.2d 355], notwithstanding the provision of subdivision 2, held that such a motion when made in a contest of a will is not appealable.

*Estate of Baker,* 170 Cal. 578 [150 P. 989], apparently relied upon by appellant, is not in point. The Baker case was distinguished in *Estate of O'Dea,* 15 Cal.2d 637, 639 [104 P.2d 368], *Estate of Herrington,* 79 Cal.App.2d 389, 390 [179 P.2d 650], and *Estate of Sanders,* 70 Cal.App. 127, 129 [232 P. 733].

There is no warrant in law for an appeal from an order denying a motion for a change of the place of trial of a proceeding to revoke probate of a will and the appeal is abortive. We agree that there is as much necessity for an appeal from an order refusing to change the place of trial of a contest of a will as there is from such an order made in a civil action or in a special proceeding. The remedy, however, is with the Legislature and not with the courts.

Appeal dismissed.

Shinn, P. J., and Wood, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 25, 1949.