113 Cal.App.2d 899 (1952)
Estate of JOHN D. NOONAN, Deceased. ELLEN MURPHY et al., Appellants,
v.
PHIL C. KATZ, as Public Administrator etc., et al., Respondents.
Civ. No. 15503. 
California Court of Appeals. First Dist., Div. Two. 
Oct. 30, 1952.
 Andrew F. Burke for Appellants.
 Lamson, Jordan & Walsh for Respondents.
 DOOLING, J.
 Respondents move to dismiss an appeal from an order entered on November 8, 1951, denying a petition for the settlement and certification of a statement of the evidence for use on appeal in lieu of a reporter's transcript.
 [1] The clerk's certificate shows that in a proceeding to administer the estate of one Noonan, deceased, a decree of final distribution was entered and appellants filed a notice of appeal therefrom. In proper time appellants filed a notice and request for a reporter's transcript "including therein the statement that they intended to proceed by settled statement in the event that the hearing on the settlement of the account and the petition for final distribution had not been reported or that the reporter's transcript could not be prepared and filed within the time required by law." On September 6, 1951, notice of completion of a reporter's transcript was given to counsel, no request for correction was filed as provided by rule 8(a), Rules on Appeal, and the reporter's *900 certified transcript has been transmitted to the clerk of this court.
 On September 18, 1951, appellants filed a proposed statement of evidence on appeal and a request for settlement and certification of this statement for use on appeal in lieu of the reporter's transcript. The petition for settlement and certification of this proposed statement was denied on November 8, 1951, and notice of appeal from this order of November 8 was filed on January 7, 1952. It is this appeal which respondents move to dismiss. The motion is made on the ground that an order refusing to settle a record on appeal is not included in the orders in probate proceedings from which an appeal is authorized to be taken by section 1240, Probate Code.
 It must be taken as thoroughly settled that, with the single exception of appeals from orders granting motions for new trial which exception traces back to In re Bauquier, 88 Cal. 302 [26 P. 178, 532], no appeal will lie from any order in probate not specified in Probate Code, section 1240. (See Estate of Hart, 92 Cal.App.2d 691 [208 P.2d 59], where the history of this rule is traced and the cases assembled.)
 In Wood v. Peterson Farms Co., 214 Cal. 94 [3 P.2d 922], the court held that in civil actions an appeal will lie from an order terminating proceedings for a record on appeal under subdivision 2 of section 963, Code of Civil Procedure, which authorizes an appeal from "any special order made after final judgment." But while special orders made after final judgment are appealable in civil actions under section 963, subdivision 2, Code of Civil Procedure they have uniformly been held nonappealable if made in probate. (Estate of O'Dea, 15 Cal.2d 637 [104 P.2d 368]; Estate of Allen, 175 Cal. 356 [165 P. 1011]; Estate of Spafford, 175 Cal. 52 [165 P. 1]; Estate of Cahill, 142 Cal. 628 [76 P. 383]; Estate of Hart, supra, 92 Cal.App.2d at p. 695; Estate of Ryker, 92 Cal.App.2d 162 [206 P.2d 406].)
 In Estate of Allen, supra, the court held that an order denying a motion under section 473, Code of Civil Procedure, for relief from default in the preparation of a transcript to be used on appeal from a probate order is not appealable. The court said (175 Cal. 375): "The provisions of subdivision 2 that an appeal may be taken from a special order made after final judgment has no application to probate proceedings."
 Appellants ask us to reexamine the rule and make various arguments against its application to this appeal. In view of the *901 fact that we feel bound by the decisions of the Supreme Court in this field we refrain from discussing these arguments. Any change in the rule must come from the Legislature or the Supreme Court. We need not speculate in this proceeding whether any avenue to this court other than appeal is open to appellants.
 The motion to dismiss the appeal is granted.
 Nourse, P. J., and Goodell, J., concurred.