mitting the case to another grand jury. The prosecution intro-
duced in evidence a notice and motion to set aside the indictment,
on the ground that the grand jury had not been legally consti-
tuted, and it was admitted that the defendant was in custody
when the first indictment was found. This evidence was insuffi-
cient to maintain the plea of former acquittal, and the Court did
not err in instructing the jury to that effect.

The instructions which the Court refused to give, at the re-
quest of the defendant, were fully covered by the charge of the
Court, so far as they correctly stated the law applicable to the
case.

Judgment affirmed.

---

[No. 6600.]

## ESTATE OF JAMES DUNNE, DECEASED.

53  631|
80  170

PROBATE—NON-APPEALABLE ORDER.—An order of a Probate Court setting
aside an order by which the annual account of an executor was allowed, is
not appealable.

APPEAL from the Probate Court of Santa Clara County.

The executors of the decedent filed their second annual ac-
count, and in September, 1876, the Court made an order allow-
ing and settling the same. In July, 1877, the Court, upon
motion of parties interested in the estate, made another order
setting aside the former order, and from the last order the exec-
utors appealed.

*Geo. F. Baker*, for Respondents, moved to dismiss the appeal
upon the ground that the order was not appealable, citing Code
of Civil Procedure, sec. 969; *Blum* v. *Brownstone*, 50 Cal. 293;
*Estate of Smith*, 51 Cal. 563; *Estate of Johnson* v. *Tyser*, 45
Cal. 257.

*Wm. Matthews* and *Wilson & Wilson*, for Appellants.

By sec. 1714, Code of Civil Procedure, the provisions of the
Code concerning new trials and appeals are made applicable to

proceedings in the Probate Courts. In *Riddle* v. *Baker*, 13 Cal. 295, it was held that an order vacating a judgment was equivalent to an order granting a new trial, and was appealable. Such an order is also a special order made after judgment. (*Bond* v. *Pacheco*, 30 Cal. 530.) An order granting a new trial and " a special order made after judgment," are appealable under clause 3 of sec. 939, Code of Civil Procedure. This section is applicable to Probate Courts, as to all the Courts of the State. Each proceeding commenced in a Probate Court pending administration must, in the nature of things, be considered a separate suit, or in the nature of a distinct action. (See *Beckett* v. *Selover*, 7 Cal. 241.)

By the COURT:

Appeal dismissed for the reason that the order is not an appealable order.