[Civ. No. 100.   First Appellate District.—December 5, 1905.]

MURIEL BELL et al., Appellants, v. TERESA BELL et al., Respondents.

ESTATES OF DECEASED PERSONS—FAMILY ALLOWANCE—CONSTRUCTION OF CODE—WIDOW NOT ACCOUNTABLE TO CHILDREN.—A family allowance out of the general assets of the estate of a deceased person is not property "set apart" for family use within the meaning of section 1468 of the Code of Civil Procedure, providing that one-half of such property shall belong to the widow and the remainder to the children. The widow to whom the family allowance is paid for the general support of the family is not accountable to the children for the manner in which it is expended; and an action by adult children against her for an accounting of such allowance, as a trustee for the members of the family, and for shares not expended for their support, cannot be sustained.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Charles J. Pence, and Bart Burke, for Appellants.

T. Z. Blakeman, for Respondents.

HARRISON, P. J.—Letters testamentary upon the estate of Thomas Bell, deceased, were granted by the superior court for San Francisco November 7, 1892, and on November 22, 1892, Teresa Bell, one of the defendants herein, presented to the court her petition, setting forth that the decedent had left her as his surviving widow with six minor children, and praying that the court would make an allowance out of said estate for the support of said family.   January 12, 1893, the court made an order awarding to her "as and for a family allowance out of said estate" the sum of $2,000 per month, and directing the executors to pay the same to her each month until the further order of the court.   October 14, 1895, the court made an order reducing the said monthly allowance to $1,500 per month, and in May, 1898, made another order reducing it to $100 per month.   The plaintiffs herein are four of the children of the decedent who have reached their

majority, and by the present action they seek judgment for an accounting by their mother (the said Teresa Bell) of the moneys received by her under the aforesaid order and disbursed for their support, and for judgment in their favor for the several amounts found due them upon such accounting, claiming that the said moneys were received and held by her in trust for the several members of the family, and that they are entitled to the respective shares which have not been expended for their support. The court sustained a demurrer to the complaint, and from the judgment entered thereon the plaintiffs have appealed.

It is manifest that the plaintiffs cannot maintain their action unless they have some interest in the moneys paid to the defendant for the said family allowance; and for the purpose of showing such interest they rely upon section 1468 of the Code of Civil Procedure, which provides that when property is set apart to the use of the family, the one-half of such property shall belong to the widow, and the remainder in equal shares to the children, if there be more than one. By the very terms of this section, however, its provisions are applicable only when some specific or tangible property has been "set apart" for the use of the family; e. g., property that is exempt from execution, or a homestead when one has not been selected in the lifetime of the decedent (section 1465), or the entire estate when its value is less than $1,500 (section 1469). In these cases the property set apart is withdrawn from the administration of the estate and is no longer under the control or supervision of the court. The provision for a family allowance does not direct the court to "set apart" any particular property, but requires it to "make a reasonable allowance" out of the estate, which, by section 1467, is made a "charge" against the estate, which must be "paid" in preference to all others except funeral charges and expenses of administration, and for which, by section 1536, other property of the estate may be sold for the purpose of raising the money with which to pay the charge. The limitation of title declared in section 1468 for the property which is "set apart," and the omission to prescribe such limitation for the money directed to be paid for the family allowance, clearly **indicates that the legislature did** not intend that the latter should be subject to such restriction.

Neither is this allowance made "for the use of the family," but by the terms of the statute is for its "maintenance" while the estate is in progress of settlement, and its property is in the custody of the administrator or executor; and this includes the duty of keeping its members under the same roof with the common interests of a home, as well as the expense incurred for food and raiment or for education and health. Upon the death of the father the maintenance of the family devolves upon the mother, and it is for the purpose of enabling her to discharge this duty that the court is authorized to appropriate a portion of the property of the estate. The allowance is not made merely for the purpose of enabling her to defray the several expenses incurred for each member of the family, but that she may also provide a means whereby she and the minor children may be kept together, and the family may be maintained as a whole. (See *Keyes* v. *Cyrus*, 100 Cal. 322, [38 Am. St. Rep. 296, 34 Pac. 722].) The provision in section 1466 that the court "must make such reasonable allowance out of the estate as shall be necessary for the maintenance of the family according to their circumstances" implies that before making the order, the court will ascertain the circumstances of the family and of the estate out of which the allowance is to be made. This will involve an inquiry, among other matters, into their habits and mode of life during the lifetime of the decedent; the requirements of the several members of the family—depending upon their age and condition—whether for education, physical support, or health, and also the condition and extent of the property belonging to the estate. The amount which, upon such consideration, the court determines will be reasonable is properly directed to be paid to the widow as the person charged with the maintenance of the family, and it then becomes a judgment in her favor for that amount. (*Estate of Bell*, 131 Cal. 1, [63 Pac. 81, 668].)

The minor children have no claim to any portion of the allowance thus made to her, nor is it held by her in trust for them. Certainly the legislature did not intend that one-half of the allowance should belong to her out of which should be paid the cost of her maintenance, and that an equal part of the other half should belong to each child, out of which should be paid only the cost of supporting that child. In de-

termining the amount to be paid, the court does not attempt to fix the amounts which will be consumed for each member of the family, but aggregates the needs of the family as a whole, and makes an allowance which it considers to be reasonable for those needs.    It is of universal experience that the same expense is not incurred for each child, and that there are many expenses which do not appertain to either child, but which are incurred for the family as a whole; and there are also many duties of the mother which are not susceptible of pecuniary measurement.    The expenses incurred for the infant which requires the mother's care, the child at school, or the youth preparing for the duties of manhood or womanhood in the years before majority, are not the same; and the rent of the home, its furniture, the expense of reparation, wages of servants, cost of equipage, and numerous other items are a charge upon the family as a whole, and are not to be apportioned against the individual members thereof.    The amount of the allowance is fixed, with the view that it will be entirely consumed in maintaining the family; and if in this respect the court errs, whether by making the allowance too large or too small, it is an error in its judgment, which can be corrected only upon a further application, setting forth the grounds upon which the amount of the allowance should be modified.    Until such change, if there be any portion which is not expended, it is the property of the widow, and if the expenses are greater than the allowance, the loss must be borne by her.

Upon these considerations it must be held that the widow, to whom the court directs a family allowance to be paid, is not required to account to her children for the manner in which such allowance has been expended, and that the demurrer to the complaint herein was properly sustained.

The judgment is affirmed.

Hall, J., and Cooper, J., concurred.