[Civ. No. 609.   Third Appellate District.—April 1, 1910.]

In the Matter of the Estate of AGRIPPA L. OVERTON, Deceased. E. C. OVERTON, Widow, Appellant, v. H. L. OVERTON, J. G. OVERTON, and C. H. OVERTON, Heirs and Devisees, Petitioners, and D. A. HANNAH, and E. C. OVERTON, Executors, Respondents.

ESTATES OF DECEASED PERSONS—FAMILY ALLOWANCE—ORDER OF DISCONTINUANCE NOT APPEALABLE — CONSTRUCTION OF CODE.—Under subdivision 3 of section 963 of the Code of Civil Procedure, an appeal is only allowed from an original order granting or refusing to grant a family allowance, and an order discontinuing a family allowance granted "until further order of the court" upon the petition of the heirs and devisees under the will of the deceased is not appealable.

ID.—OBJECTION TO JURISDICTION OF COURT—CERTIORARI—APPEAL.—If the court was without jurisdiction to make the order appealed from, as objected by appellant, its power could only be tested by *certiorari*, and not by appeal.

ID.—MOTION TO DISMISS APPEAL—WANT OF AUTHORITY TO MAKE ORDER IMMATERIAL.—It is not a sufficient answer to a motion to dismiss the appeal from the nonappealable order that the lower court had no authority to make the order appealed from. The right of appeal comes from the statute, and not from any unauthorized action of the court.

ID.—RETENTION OF POWER TO MAKE ORDER — "FURTHER ORDER OF COURT"—DUTY OF COURT.—The court retained its power over the order granting the family allowance, by inserting the provision, "until the further order of the court." Upon a proper showing, it became its duty, and it was within its power, to reduce or discontinue the allowance.

MOTION to dismiss an appeal from an order of the Superior Court of Butte County, discontinuing a family allowance. John C. Gray, Judge.

The facts are stated in the opinion of the court.

Park Henshaw, for Appellant.

Richard White, and Lon Bond, for Respondents.

CHIPMAN, P. J.—On June 1, 1908, the superior court made an order allowing the surviving widow fifty dollars per month from the date of the death of decedent for her maintenance and support, "and to continue until the further order of this court." On November 28, 1908, H. L. Overton, on behalf of himself and certain other children and heirs at law of deceased, devisees and legatees of the will of decedent, filed a petition praying for the discontinuance of said allowance. On December 1, 1908, the petition came on to be heard and the court on that day made an order granting the petition "discontinuing any family allowance to the said widow in said estate." The widow appeals from this order on the ground, as stated in her brief, that under section 1466, Code of Civil Procedure, the court "must make such reasonable allowance out of the estate for the widow," etc., and that when so made the order "becomes a final judgment in her favor for that amount"; that no appeal having been taken from that order and the time for appeal having passed, the power of the court over its order was at an end and "the superior court was without jurisdiction to review the order."

Respondent makes the point that the order is not appealable, which we think is well taken. Subdivision 3, section 963, Code of Civil Procedure, gives an appeal from an order "against or in favor of setting apart property, or making an allowance for a widow or child." No appeal is given from an order discontinuing an allowance. If the court was without jurisdiction to make the order complained of its power could be tested by *certiorari*, but not by appeal. (Code Civ. Proc., sec. 1068.) Appellant attempts to meet the point by the suggestion that as the effect of the order is to deprive her of the allowance, it is equivalent to an order refusing to grant an allowance. We cannot so understand the code section. It refers to the original order granting or refusing the allowance prayed for. In analogous cases the supreme court has denied the appealability of such orders as the one here. In *Estate of Smith,* 51 Cal. 563, an appeal from an order refusing to set aside an order of sale (an appealable order) was dismissed. Like action was taken in *Estate of Dunne,* 53 Cal. 631, where the order appealed from was an order setting aside a former order allowing an ac-

count.  So, also, in *Estate of Hickey,* 121 Cal. 378, [53 Pac. 818], where the order appealed from vacated a prior order settling a final account.  Likewise, so held in *Estate of Cahill,* 142 Cal. 628, [76 Pac. 383], where the order appealed from was an order refusing to vacate an order setting apart a homestead.

It is not a sufficient answer to the motion to dismiss the appeal, that the lower court had no authority to make the order appealed from.  The right to appeal comes from the statute and not from any unauthorized action of the court. (*Harper* v. *Hildreth,* 99 Cal. 265, [33 Pac. 1103].)

The court retained its power over the order by the provision—"until the further order of this court."  Upon proper showing it became its duty and it was within its power to reduce or discontinue the allowance.  (*Estate of Montgomery,* 60 Cal. 648; *In re Stevens,* 83 Cal. 322, 326, [17 Am. St. Rep. 252, 23 Pac. 379]; *Estate of Freud,* 131 Cal. 667, 674, [82 Am. St. Rep. 407, 63 Pac. 1080].  See *Cahill* v. *Superior Court,* 145 Cal. 42, [78 Pac. 467]; *Bell* v. *Bell,* 2 Cal. App. 338, 341, [83 Pac. 814].)

The appeal is dismissed.

Hart, J., and Burnett, J., concurred.