JEAN L. BYRNE, Plaintiff, *v.* CHARLES G. BYRNE, Defendant.

Supreme Court, Special Term, New York County, April 28, 1952.

*Vernon Murphy* for Thomas F. Byrne, as executor of Charles G. Byrne, deceased, petitioner.

*Abraham H. Goldblatt* for Jean L. Bradford, respondent appearing specially.

HECHT, J. In 1936 the plaintiff obtained a judgment of divorce against defendant in this court. In 1940 that judgment was modified to provide for the payment to the plaintiff of $10 per

week for the support and maintenance of the child of the marriage. In 1949, pursuant to a trust set up by defendant's mother, he became entitled to a part of the principal of that trust. On the intermediate accounting in the Surrogate's Court by the trustee the plaintiff and her daughter filed claims and at the same time instituted proceedings in this court by a motion to reduce the amount of the unpaid alimony to judgment and for the appointment of a receiver in sequestration proceedings. The order on that motion directed the entry of judgment and recited that because the sequestration phase of the motion had been disposed of by stipulation between the parties in the Surrogate's Court, that portion of the motion was deemed withdrawn. The stipulation in the Surrogate's Court, whereby the plaintiff and her daughter withdrew their claims, provided for the setting up of a fund of $3,000, out of which was to be paid the sum of $10 a week to the plaintiff for the support and maintenance of her daughter " until said infant shall attain the age of twenty-one years or until further order of a court having competent jurisdiction in the premises." An order was entered on this stipulation in the Surrogate's Court. The husband has died and there is an unpaid balance in the fund that was set up to provide for the maintenance and support of the child. The brother of the deceased husband is the executor of his estate and now moves for an order in this court requiring the trust company to pay over the balance to the estate. The executor has not obtained an order permitting him to be substituted as a party defendant in the original matrimonial action, but any objection on this ground will be deemed waived. Service was properly effected since this is a motion in an existing matrimonial action (Civ. Prac. Act, § 1170). The question is whether this court has jurisdiction to grant the application. A matrimonial action usually abates on the death of one of the parties (2 Carmody on New York Practice, § 771) and, therefore, it would seem that the court would not have jurisdiction to entertain a motion in the action. However, in *Kirkbride* v. *Van Note* (275 N. Y. 244) the court took jurisdiction pursuant to the then section 1159 (now § 1172-c). That was a situation where the wife had remarried during the lifetime of her husband and the administrator sought an annulment of the order providing for the payment of alimony *nunc pro tunc* as of the date of the wife's remarriage. The Court of Appeals sustained the order on the ground that the direction in the then section 1159 (now § 1172-c) was mandatory and was based on public policy. A reading of section 1170 of the Civil Practice Act would seem

to limit the application thereunder to a party to the action. However, section 1172 is just as explicit as to who may bring the application and, if the same reasons of public policy obtain in an application pursuant to section 1170 as apply to section 1172-c, then the result must be the same.

There is no obligation on the part of a parent to provide for the support of his child after his death and the court is powerless to provide in a judgment of divorce between the parents that the husband shall continue payments for the support of his child after his death (*Rice* v. *Andrews,* 127 Misc. 826). However unjust and wrong this result may be, its solution is for the Legislature and not for the courts.

The purpose of this motion is to have the court declare the legal effect of the existing judgment and this is done by granting the motion insofar as it seeks to modify the provision for the payment of alimony to the wife for the maintenance and support of the child. However, this court cannot direct the turnover of the fund to the executor. That was a matter of private arrangement between the parties and did not result from a direction by this court in the action. The executor's relief may be sought either by plenary suit or in the Surrogate's Court where the order was made creating this fund.

Settle order.