[Civ. No. 34917. Second Dist., Div. One. Apr. 21, 1970.]

GLORIA MICHELLE JACOBS, a Minor, etc., Plaintiff and Appellant, v. U. RICHARD GERECHT, as Executor, etc., Defendant and Respondent.

## COUNSEL

Goodman, Hirschberg & King and Henry Seligsohn for Plaintiff and Appellant.

Joseph J. Jonesi for Defendant and Respondent.

## Opinion

**LILLIE, J.**—Plaintiff, then aged 3, brought this action on a rejected claim against the estate of her father, Morris Jacobs, for reasonable support during the remainder of her minority less any amounts received from said estate by way of family allowance payments; she also sought to recover counsel fees for the maintenance of said action and costs of suit. A stipulation having covered the controlling facts, the trial court entered judgment for defendant executor. This appeal from the judgment presents this issue—absent any provision therefor in a divorce decree or property settlement agreement, does the obligation of a father to support his minor child cease upon the father's death?

Plaintiff's parents were married in January of 1964; on April 11, 1966, her mother secured an interlocutory decree of divorce from decedent, service on him having been made by publication. Although the decree provided for alimony and child support, its provisions in that regard were later stricken upon motion of decedent, appearing specially, on the ground that the court lacked jurisdiction to grant such *in personam* relief. Upon the wife's application, a final judgment was entered on December 9, 1966.

On March 20, 1967, decedent died, leaving a will executed April 16, 1965, and a codicil thereto dated July 21, 1966. The will made reference to his then separation from his wife to whom the sum of $1 was bequeathed; the will's only other specific bequest ($10,000) was to a sister, although the codicil contained a bequest in the same amount ($10,000) to another sister. By the terms of the will, the residue of decedent's property was left in trust, 85 percent for the benefit of a daughter (then aged 14) by a former marriage and the remaining 15 percent for plaintiff. It is undisputed that the value of the estate is in excess of $70,000 in cash, and it is further undisputed that the value of plaintiff's 15 percent share of the trust is approximately $5,000 net.

Plaintiff's rejected claim was for a total of $24,600, based in substantial part upon the proposition that the sum of $100 monthly is reasonably necessary for her support until the attainment of her majority or until she becomes self-supporting, marries or dies. It also appears that neither plaintiff nor her mother is possessed of other funds with which to support plaintiff or maintain the instant action. In this latter connection the court permitted an amendment to plaintiff's complaint to allege that prior to decedent's death plaintiff was receiving public assistance from an appropriate agency of local government.

The trial court made findings of fact, drawing conclusions of law therefrom, in which mention is made of the foregoing either expressly or by

reference. ■ Among its conclusions of law, thereby upholding the affirmative defenses pleaded in the answer, are the following: the complaint does not state a cause of action either for support of the plaintiff or for counsel fees and court costs; and decedent's will has made provision for plaintiff's support "in sufficient monies according to the wishes and desires of decedent and the value of his estate." For reasons hereinafter to be stated, we believe that these determinations were proper and must be sustained.

■ "In California the rule is that the obligation of a father to support his minor child which is fixed by divorce decree or property settlement agreement, does not cease upon the father's death, but survives as a charge against his estate. [Citations.]" (*Taylor* v. *George,* 34 Cal.2d 552, 556 [212 P.2d 505].) In the present case provision for plaintiff's support was fixed by neither the divorce decree nor any property settlement agreement; on the other hand, in *Taylor* v. *George, supra,* the claim was based upon an order in a final decree of divorce directing the husband to pay $50 per month for the child's support during the latter's minority. It was there held that the husband (and father) fulfilled his obligation of support by means of certain life insurance which, it was stated in his will, "is, and will be sufficient for his needs so far as any contribution from me is concerned." (P. 555.) As pointed out in the opinion, the insurance money paid out to the child's mother on his behalf ($6,176) was more than sufficient to meet the total of the future payments ($5,500) provided for by the decree of divorce. Here, of course, plaintiff's net share of the residue falls far short of the total sums required for her support during her minority, although it should be borne in mind that upon the execution of his will the present testator was not confronted with the order for support which faced the testator in the *Taylor* case.

Indeed, the law of California being what it is with respect to the power of testamentary disposition and despite the unfortunate results to the minor plaintiff, decedent could have validly made provision for her in a smaller amount than was here made. ■ Provided he is of sound and disposing mind and not acting under undue influence, a person over the age of 18 may dispose of his property by will and, in that regard, " 'he is not called upon to consult or satisfy the wishes or views of juries or courts.' [Citation.]" (*Estate of Woehr,* 166 Cal.App.2d 4, 17 [332 P.2d 818].) Too, "the right to testamentary disposition of one's property is a fundamental one which reaches back to the early common law; 'the right to dispose of one's property by will is most solemnly assured by law, and . . . does not depend upon its judicious use.' [Citation.]" (*Estate of Fritschi,* 60 Cal.2d 367, 373 [33 Cal.Rptr. 264, 384 P.2d 656].) As further pointed out in the case last cited, "The right has, of course, been restricted by legislative and social controls [citations] as well as by heavy inheritance taxation.

Perhaps these limitations upon the area of testamentary disposition have served to sharpen the court's vigilance in protecting the testator's right to be free of interference in the area which remains to him." (*Supra*, p. 373.)

While not unmindful of surviving children by providing for pretermitted heirs (Prob. Code, § 90)[1] as well as for the right of a minor child to a family allowance (Prob. Code, § 680),[2] the Legislature has apparently never seen fit (with one exception presently noted) to enact measures covering a situation analogous to that at bar. Such exception (albeit indirectly) is contained in section 205, Civil Code, which provides in pertinent part that "If a parent chargeable with the support of a child dies, leaving it chargeable to the county . . . and such parent leaves an estate sufficient for its support, the supervisors of the county . . . may claim provision for its support from the parent's estate by civil action, and for this purpose may have the same remedies as any creditors against that estate, and against the heirs, devisees, and next of kin of the parent." The statute last mentioned was considered in *Myers* v. *Harrington*, 70 Cal.App. 680 [234 P. 412], in connection with the claim of an illegitimate child seeking support under the then provisions of section 196a, Civil Code, which read that "The father as well as the mother, of an illegitimate child must give him support and education suitable to his circumstances. A civil suit to enforce such obligations may be maintained in behalf of a minor illegitimate child, by his mother or guardian, and in such action the court shall have the power to order and enforce performance thereof, the same as under sections 138, 139 and 140 of the Civil Code, in a suit for divorce . . . ." Said the court at page 686: "It has been frequently held that succession, or the transmission of property, is a matter of legislative grant, and not merely a natural right, and, hence, it would follow that any property so taken may be charged by the legislature with any burden that the wisdom of the legislature may impose. The section with which we are dealing, however, is limited in its terms as to who may prosecute such an action. It will be observed that this right or privilege is given to the supervisors of the county and not to anyone coming under the terms and provisions of section 196a

---

[1]"Since its origin as a state, California has continuously protected both spouse and children . . . from unintentional omission from a share in testator's estate. . . . 'It is the policy of the law that wife and children must be provided for.' [Citation.] The law does not favor the failure to provide for surviving spouse or children [citation]." (*Estate of Torregano*, 54 Cal.2d 234, 248-249 [5 Cal.Rptr. 137, 352 P.2d 505, 88 A.L.R.2d 597].)

[2]"The allowance is not made merely for the purpose of enabling [the widow] to defray the several expenses incurred for each member of the family, but that she may also provide a means whereby she and the minor children may be kept together, and the family may be maintained as a whole." (*Bell* v. *Bell*, 2 Cal.App. 338, 340 [83 P. 814].) Too, in *Estate of Woodward*, 230 Cal.App.2d 113, 116 [40 Cal.Rptr. 791, 12 A.L.R.3d 1134], the provisions of section 680 are referred to as "an extension of the decedent's obligation of support."

of the Civil Code. Section 196a does not purport to reach out and charge any decedent's estate in its operation and effect. This is given by sections 138, 139, and 140 of the Civil Code, which are made applicable to the enforcement of section 196a, and, therefore, to the extent that they limit and circumscribe the power of the court, the power of the court coming under section 196a is likewise limited and circumscribed."

It is contended by plaintiff that the *Myers* decision stemmed from the court's reluctance to accept the minor's argument because (1) he was illegitimate and (2) his paternity had not been established; while that may be true, such considerations only partially contributed to the final determination there reached, predicated chiefly upon the principles quoted above. Nor do we agree with plaintiff's further contention that the subsequent addition of section 137.1 to the Civil Code further distinguishes the cited case; such statute simply affords another remedy to enforce the duty to support without extending the right to maintain such action against the parent's estate. The statutory extension of such right was demonstrated in *Estate of Woodward, supra* (230 Cal.App.2d 113), in which decision (significantly enough) reference is made to the *Myers* case: "True, this court (per Justice Plummer) in *Myers* v. *Harrington,* 70 Cal.App. 680 [234 P. 412], held that the obligation of a father to support his illegitimate minor child did not, in the absence of a divorce court decree prior to death fixing his liability, continue after his death. But that decision was not concerned, as we are here, with the interpretation of a *statute* extending a parental obligation of support beyond death. Probate Code section 680, providing for the making of an allowance during probate to specified members of the decedent's family, has, as respondent contends, been regarded as an extension of the decedent's obligation of support. [Citation.]" (P. 116.)

Observing that no California case has been found which decides the precise issue here, plaintiff cites certain New York decisions, *Rice* v. *Andrews,* 127 Misc. 326 [217 N.Y.S. 528], and *Byrne* v. *Byrne,* 201 Misc. 913 [112 N.Y.S.2d 569], which likewise hold that a claim such as hers may not be maintained; but those cases, it is argued, proceed upon the New York rule that the liability for child support, even when implemented by court order, does not survive the father's death, whereas in California the law is otherwise. (*Taylor* v. *George, supra,* and cases there cited.) As shown above, however, in the instant case (unlike *Taylor* v. *George*) there is no implementing order, nor is there any agreement for child support which would ripen into an enforceable claim against the defendant executor. Also relied on by plaintiff is a Note and Comment, California Family Law (Armstrong), page 1129, wherein it is stated that while the specific point has never been decided by the Supreme Court, "The logical implication of *Smith, Newman* v. *Burwell* and *Taylor* v. *George* cases is that the

obligation itself does so survive . . . ." Emphasized is the resulting discrimination otherwise against children for whom the court has not been called upon to issue a support order or who must suffer by adherence to "the traditional common law right to cut off minor children 'without a penny,' . . . In sum as the child (legitimate or illegitimate) is entitled to support during minority from his father, the father no longer can ignore this obligation and will all his property to others." (P. 1129.) Here, of course, the father had another minor child to consider, nor did he cut off plaintiff "without a penny." With respect to the other instance of discrimination above pointed out—the absence of a court order—we agree with the *Myers* court that the problem is one for legislative, not judicial action.

 Since plaintiff had no establishable claim against defendant executor, it follows that she may not be allowed attorney's fees and court costs. She cites *Estate of Filtzer,* 33 Cal.2d 776 [205 P.2d 377], for the proposition that while attorneys' fees are not generally recoverable unless specifically provided for by statute, they may be allowed upon the theory that such legal services are part of the right to support claimed by the child—in *Filtzer* the claim was for a family allowance which both the trial and reviewing courts upheld. Manifestly, it is not in point. She also relies on section 137.3, Civil Code, which allows counsel fees and costs to be paid by the husband or wife during the pendency of an action for child support. It was held in *Kruly* v. *Superior Court,* 216 Cal.App.2d 589 [31 Cal.Rptr. 122], that section 137.3 should not be construed under the maxim *expressio unius est exclusio alterius* as prohibiting a pendente lite support order in an action brought by a parent against an adult child under sections 206 and 243 of the Civil Code; but again, as in *Filtzer,* it was held that the court had jurisdiction to make the support award, whereas under the stipulated facts here the court lacked such authority.

For the reasons above stated, the judgment is affirmed.

Wood, P. J., and Gustafson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 17, 1970.