[Civ. No. 36437. Second Dist., Div. Five. Mar. 2, 1971.]

LUCE MERCEDES ARIZMENDI, a Minor, etc., et al.,
Plaintiffs and Appellants, v.
SYSTEM LEASING CORPORATION, Defendant and Respondent.

**COUNSEL**

David C. Marcus for Plaintiffs and Appellants.

Walter M. Sharman for Defendant and Respondent.

**OPINION**

**FRAMPTON, J.\*—**

### STATEMENT OF THE CASE

Plaintiffs appeal from a judgment of dismissal entered pursuant to the provisions of section 437c, Code of Civil Procedure.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

### Statement of Facts

On July 19, 1968, plaintiff Maria Teresa Tadio Juarez (hereafter Maria), as the guardian ad litem of Luce Mercedes Arizmendi (hereafter Luce) and Fernando Arizmendi (hereafter Fernando), ages five years and three years, respectively, and Pablo Leyva filed their complaint against System Leasing Corporation (hereafter System) and others seeking damages for the alleged wrongful death of Francisco Arizmendi resulting from injuries sustained in a multi-vehicle collision on February 21, 1966. It was alleged that Francisco Arizmendi died, as a result of his injuries, on March 12, 1966.

It was alleged further in the first cause of action that Francisco Arizmendi was the father of Luce and Fernando and that such minor children had suffered the loss of their father, his support, maintenance, companionship, comfort, society and love and affection to their damage in the sum of $150,000.

The second cause of action alleged that plaintiff Pablo Leyva was the half-blood brother of deceased, Francisco Arizmendi, and that plaintiff. Leyva had incurred costs by way of hospital care, doctors, X-rays, and medicines in an attempt to save the life of his half-blood brother, Francisco Arizmendi. The second cause of action also sought recovery of $3,000 for costs of funeral and burial expenses incurred by Leyva.

On November 18, 1968, System filed its answer to the complaint setting forth a general denial of the allegations of the complaint, and in addition thereto alleged the following defenses: (1) contributory negligence on the part of the deceased, Francisco Arizmendi; (2) the complaint failed to state facts sufficient to constitute a cause of action; (3) the action is barred by section 340, subdivision 3 of the Code of Civil Procedure (one-year statute of limitations), and (4) that an action had theretofore been filed in the Superior Court of the State of California, number 886705, by one Luvia Arizmendi, the wife of decedent at the time of his death, wherein damages were sought for the wrongful death of Francisco Arizmendi; that said action had been settled and dismissed with prejudice as to System, and by reason of the foregoing, plaintiffs, and each of them herein, are collaterally estopped from asserting their claims herein and that the matter is res judicata and constitutes a retraxit.

On October 28, 1969, System filed a notice of motion to dismiss the complaint pursuant to the provisions of section 437c of the Code of Civil Procedure, supporting such notice by points and authorities and the declaration of Walter M. Sharman, counsel for System. The record here does not disclose that plaintiffs filed points and authorities or any declara-

tions in opposition to the motion of System, although plaintiffs state in their brief that they did file such opposition to the motion but refer this court to the clerk's transcript, pages 15 to 23, which contains points and authorities in opposition to a similar motion made sometime before May 21, 1969, by Food Giant Markets, Inc., named as a codefendant with System and others in the within action, and sued herein as Food Giant, a corporation.

The motion for summary judgment was granted and a judgment of dismissal was entered. The appeal is from the judgment of dismissal.

In the points and authorities filed in support of the motion to dismiss, System stated:

"Two points are relied upon in connection with the pending motion:

"Insofar as Pablo Leyva is concerned, it is clear that he is not an heir for the purposes of the wrongful death statute.

"He is, by virtue of his own allegations, a half-blooded brother of the decedent, Francisco Arizmendi.

"The court is asked to take judicial notice of the other Court File being Los Angeles County Superior Court File No. 886705.

"Insofar as the children plaintiffs in the within action, Luce Mercedes Arizmendi and Fernando Arizmendi, it is the position of this moving defendant that they are illegitimate children at best, and do not qualify as heirs under the law of California, Probate Code section 255. The children have never been legitimated, if in fact they are the children of Francisco Arizmendi. Civil Code section 230."

The foregoing points and authorities are followed by the declaration of Walter M. Sharman which contains the following statement: "That I am an attorney at law, duly authorized to practice before all of the courts of the State of California, and am the attorney of record for the moving party herein; that, additionally, I was the attorney of record and the attorney handling the Los Angeles Superior Court File No. 886705; and was the attorney that took the deposition of the plaintiff guardian ad litem Maria Teresa Juarez on May 12, 1967 before Julian B. Mara, C.S.R. and Notary Public; that reference is hereby made to the said deposition and the evidence related therein, and that if called to testify as a witness, Maria Teresa Tadio Juarez, plaintiff herein, would testify that the minor plaintiffs, Luce Mercedes Arizmendi and Fernando Arizmendi are actually Luce Mercedes Portado and Fernando Portado, born, respectively, on January 7, 1962 and January 29, 1964; that reference is made to the said deposi-

tion, Pages 3, 4, 5, 15, 14, 17, 18, and 19 attached and incorporated in the previous motion of the co-defendant Food Giant's Markets, Inc., and that the same are referred to herein and incorporated herein by reference.

"That declarant hereby refers to and incorporates herein by this reference, the declaration of Daniel J. DeNorch filed previously herein.

"That the plaintiffs Luce Mercedes Arizmendi and Fernando Arizmendi were never legitimated or acknowledged by the decedent Francisco Arizmendi as children of his; that by virtue of the foregoing, said persons are not heirs in the wrongful death statute of the State of California; that, additionally, I would be competent to testify as a witness as follows: That the deposition of Maria Teresa Tadio Juarez and of Pablo Leyva were taken and that both parties made statements under oath as follows: That the minor plaintiffs Luce Mercedes Arizmendi and Fernando Arizmendi were illegitimate children of the decedent Francisco Arizmendi; that Maria Teresa Tadio Juarez, plaintiff herein, is the natural mother of said children; that Maria Teresa Juarez and said Francisco Arizmendi, decedent, were never intermarried; that said children were never acknowledged in writing to be the legitimated children of the decedent Francisco Arizmendi and never did said children ever reside with Francisco Arizmendi and never were they taken into his own household; that Pablo Leyva was the half-brother of said decedent Francisco Arizmendi and that at the time of his death Francisco Arizmendi left surviving him a wife by the name of Luvia Arizmendi.

"That by virtue of the foregoing, said Luvia Arizmendi was the sole heir at law entitled to bring an action for the wrongful death of the decedent, Francisco Arizmendi."

### THE APPEAL AS TO PLAINTIFF PABLO LEYVA

The record here discloses that at the time of death Francisco Arizmendi left a surviving spouse, Luvia Arizmendi. There is nothing in the record to show that Francisco and Luvia, at the time of the former's death, were possessed of property which would have the character of other than their community property, or that Francisco Arizmendi was possessed of property at the time of his death in which Leyva would have a right of inheritance as an heir. In these circumstances Leyva was not an heir qualified to maintain the within action, as provided by section 377, Code of Civil Procedure. Furthermore, Leyva's action was filed more than a year after the death of Francisco Arizmendi and was, therefore, barred by the statute of limitations. (Code Civ. Proc., § 340, subd. 3.) For either or both

of the foregoing reasons the dismissal of the wrongful death action as to plaintiff Pablo Leyva must be sustained.

## The Appeal as to the Minor Plaintiffs

As heretofore noted, the minor plaintiffs, Luce and Fernando, were five years and three years of age at the time the action was filed through their guardian ad litem. Although the death herein involved occurred on March 12, 1966, and the wrongful death action was not filed until July 19, 1968, some two years and four months later, such action is not barred by the provisions of subdivision 3 of section 340, Code of Civil Procedure, as such statute is tolled during the minority of these plaintiffs. (*Cross* v. *Pacific Gas & Elec. Co.,* 60 Cal.2d 690, 692 [36 Cal.Rptr. 321, 388 P.2d 353].)

System urges here, as it did at the trial level, that only the heirs of decedent Francisco Arizmendi were qualified to bring the within action pursuant to the provisions of section 377, Code of Civil Procedure; that Luce and Fernando were the illegitimate children of decedent; they had never been legitimated pursuant to the law of this or any other jurisdiction (cf. Civ. Code, § 230); under the circumstances here shown the minor plaintiffs were prohibited from inheriting from their natural father under the provisions of section 255, Probate Code,[1] and were, therefore, not his heirs qualified to bring the wrongful death action within the provisions of section 377, Code of Civil Procedure.

The law of this state recognizes and creates an obligation on the part of the natural father of a minor child, whether the child is legitimate or illegitimate, to provide the necessities of life for such child. (Cf. Pen. Code, § 270; 8 Cal.Jur.2d, Bastards, § 5, p. 56.) The illegitimate minor child, therefore, is entitled as a matter of law to look for, and receive support from its natural father at least for the necessities of life. The deprivation of this right by the tortious act of a third person resulting in the death of the natural father is just as real and as devastating to an illegitimate minor child as it is to a legitimate minor child. The illegitimate minor child did

---

[1]Probate Code section 255 reads: "Every illegitimate child, whether born or conceived but unborn, in the event of his subsequent birth, is an heir of his mother, and also of the person who, in writing, signed in the presence of a competent witness, acknowledges himself to be the father, and inherits his or her estate, in whole or in part, as the case may be, in the same manner as if he had been born in lawful wedlock; but he does not represent his father by inheriting any part of the estate of the father's kindred, either lineal or collateral, unless, before his death, his parents shall have intermarried, and his father, after such marriage, acknowledges him as his child, or adopts him into his family; in which case such child is deemed legitimate for all purposes of succession. An illegitimate child may represent his mother and may inherit any part of the estate of the mother's kindred, either lineal or collateral."

not contribute to its status as characterized by the law. It cannot be blamed in any respect for such status created by the law of man by legislative fiat.

■ To grant the right to sue for the wrongful death of the natural father of a legitimate minor child, to such child, and at the same time, solely by reason of status created by legislative enactment, to deny such right to an illegitimate minor child appears to be an artificial, discriminatory barrier which should not be recognized or tolerated in the law.

In *Levy* v. *Louisiana,* 391 U.S. 68 [20 L.Ed.2d 436, 88 S.Ct. 1509] an action was brought on behalf of five illegitimate children to recover damages, under the Louisiana statute, for the wrongful death of their mother. The Supreme Court of Louisiana sustained the dismissal of the action based upon its construction of the word "child," as used in the Louisiana statute creating the cause of action, to mean "legitimate child." It appears that the Louisiana court's denial of the right to recover to an illegitimate child was based upon morals and general welfare because it "discourages bringing children into the world out of wedlock." In reversing, Mr. Justice Douglas, speaking for the majority of the Supreme Court, stated: "We start from the premise that illegitimate children are not 'nonpersons.' They are humans, live, and have their being. They are clearly 'persons' within the meaning of the Equal Protection Clause of the Fourteenth Amendment. . . .

"Legitimacy or illegitimacy of birth has no relation to the nature of the wrong allegedly inflicted on the mother. These children, though illegitimate, were dependent on her; she cared for them and nurtured them; they were indeed hers in the biological and in the spiritual sense; in her death they suffered wrong in the sense that any dependent would.

"We conclude that it is invidious to discriminate against them when no action, conduct, or demeanor of theirs is possibly relevant to the harm that was done the mother." (*Levy* v. *Louisiana, supra,* 391 U.S. 68, 71-72 [20 L.Ed.2d 436, 439-440].)

We find no substantial difference under the law between the deprivation of the right of a minor illegitimate child to sue for the wrongful death of his mother and the deprivation of such right to sue for the wrongful death of his natural father. We are of the opinion that to deny the minor plaintiffs here the right to bring the action for the wrongful death of their father on the basis that they are illegitimate children would deny them the right to equal protection of the law guaranteed by the Fourteenth Amendment to the United States Constitution.

### Collateral Estoppel by Settlement and Dismissal of Action No. 886705

The superior court file in action number 886705 (Los Angeles County) discloses that on June 8, 1966, Luvia M. Arizmendi filed her complaint for damages for the wrongful death of Francisco Arizmendi from injuries sustained in the same accident as that involved in the present action (number 936120). System, along with others, was a named defendant and appeared and defended in action number 886705. Luvia M. Arizmendi sued therein as the "widow of Francisco Arizmendi." There was no reference in the complaint to any other surviving relative of Francisco. The cause went to trial before a jury which returned its verdict in favor of Luvia and against System and others in the sum of $5,000. Judgment was entered on this verdict on September 10, 1968.

On November 1, 1968, the cause was disposed of as between Luvia and System by the following order based upon a stipulation of the parties:

"ORDER

"Pursuant to the Stipulation above, IT Is HEREBY ORDERED ADJUDGED AND DECREED that the judgment in the within matter, in favor of Luvia M. Arizmendi, plaintiff, and against defendants, System Leasing Corporation, a corporation, and David Lee Clay, and each of them, upon the verdict in the within cause, be and the same is hereby vacated and set aside together with said verdict as it relates to said defendants, System Leasing Corporation, a corporation, and David Lee Clay, an individual, and each of them only.

"It Is FURTHER HEREBY ORDERED ADJUDGED AND DECREED, in accordance with the Stipulation herein-above, that the cause be dismissed as to said defendants, System Leasing Corporation, a corporation, and David Lee Clay, an individual, and each of them, with prejudice, and that said judgment of dismissal be entered in due course."

The file in the present action (number 936120) contains a xerox copy of portions of a deposition taken of Maria Teresa Juarez by System, as a witness in action number 886705. The cover of the document discloses that the testimony by deposition of Maria was taken on May 12, 1967, on behalf of System. The record also shows that Mr. Sharman, System's present counsel, participated in the taking of the deposition. In this deposition Maria testified that the minors Luce and Fernando were her children; that Francisco Arizmendi was the natural father of Luce and Fernando and that she and Francisco had never been married. After knowledge on the part of System that the mother of the minor plaintiffs

here would testify as above set forth, there appears to have been no effort on the part of System to join the minor plaintiffs in action number 886705 before trial and verdict therein.[2]

■ It is apparent from the foregoing that the minor plaintiffs here were never made parties to action number 886705 and that Luvia M. Arizmendi, plaintiff in action number 886705, was not suing in any capacity representative of the rights of these minor plaintiffs, but was suing for and on behalf of herself alone as the surviving widow of Francisco Arizmendi. Under these circumstances, it is clear that the separate interests of these minor plaintiffs in the life of their natural father and the loss suffered by each by reason of his death were not before the court in action number 886705, and any judgment rendered therein is not res judicata of the minor plaintiffs' claims nor does such judgment collaterally estop the minor plaintiffs from asserting such claims here. (Cf. *Estate of Charters,* 46 Cal.2d 227, 234-236 [293 P.2d 778]; *Swaffield* v. *Universal Ecsco Corp.,* 271 Cal.App.2d 147, 158 [76 Cal.Rptr. 680]; *Berry* v. *Chaplin,* 74 Cal.App.2d 652, 657-658 [169 P.2d 453].)

The judgment of dismissal as to plaintiff Pablo Leyva is affirmed. The judgment of dismissal as to minor plaintiffs Luce and Fernando is reversed.

The minor plaintiffs to recover their costs on appeal from System Leasing Corporation. System Leasing Corporation and plaintiff Pablo Leyva to bear their own costs.

Aiso, J., concurred.

**STEPHENS, J.**—I concur.

The cases of *Levy* v. *Louisiana,* 391 U.S. 68 [20 L.Ed.2d 436, 88 S.Ct. 1509] and *Glona* v. *American Guar. & L. Ins. Co.,* 391 U.S. 73 [20 L.Ed. 2d 441, 88 S.Ct. 1515] compel the holding that in wrongful death actions "it is invidious to discriminate against them [illegitimate children] when no action, conduct, or demeanor of theirs is possibly relevant to the harm that was done the mother [natural parent]," (*Levy* v. *Louisiana,* 391 U.S. at p. 72 [20 L.Ed.2d at p. 440].) The wrongful death statute[1] is strictly a creature of

---

[2]Trial in action number 886705 commenced on August 7, 1968, one year and 68 days after the date of the deposition of Maria Teresa Juarez.

[1]Code Civil Procedure, section 377: "When the death of a person not being a minor, or when the death of a minor person who leaves surviving him either a husband or wife or child or children or father or mother, is caused by the wrongful act or neglect of another, his heirs, and his dependent parents, if any, who are not heirs, or personal representatives on their behalf may maintain an action for damages against the person causing the death, or in the case of the death of such wrongdoer, against the personal

legislation (*Fuentes* v. *Tucker,* 31 Cal.2d 1, 9 [187 P.2d 752]), and the action must be brought in the names of the persons to whom the right is given by statute. It appears to me to be necessary to define the word "heirs" as used in the wrongful death statute (as distinguished from any reference thereto in the probate field) as including children both legitimate and illegitimate. This is contra to the reasoning in *Kunakoff* v. *Woods,* 166 Cal.App.2d 59, 67-68 [332 P.2d 773], where the court said: "Since an heir of a person is one who is entitled to succeed at his death to his estate in case of intestacy by virtue of our statutes relative to succession, and since Manya succeeds to David's estate by virtue of section 201 of the Probate Code, she is David's heir. As an heir may bring an action for wrongful death under section 377 of the Code of Civil Procedure, and inasmuch as Manya is an heir, she is entitled to maintain the action." (See also *Jacobs* v. *Gerecht,* 6 Cal.App.3d 808 [86 Cal.Rptr. 217].)

The holding in the instant case should not be construed as modifying the dictates of sections 222, 225, or other possibly affected sections of the Probate Code.

Respondent's petition for a hearing by the Supreme Court was denied April 29, 1971.

representative of such wrongdoer, whether the wrongdoer dies before or after the death of the person injured. If any other person is responsible for any such wrongful act or neglect, the action may also be maintained against such other person, or in case of his death, his personal representatives. In every action under this section, such damages may be given as under all the circumstances of the case, may be just, but shall not include damages recoverable under Section 573 of the Probate Code. The respective rights of the heirs and dependent parents in any award shall be determined by the court. Any action brought by the personal representatives of the decedent pursuant to the provisions of Section 573 of the Probate Code may be joined with an action arising out of the same wrongful act or neglect brought pursuant to the provisions of this section. If an action be brought pursuant to the provisions of this section and a separate · action arising out of the same wrongful act or neglect be brought pursuant to the provisions of Section 573 of the Probate Code, such actions shall be consolidated for trial on the motion of any interested party."