*149 FYBEL, J.,
Concurring. — I have concurred in the majority’s opinion because its analyses of Probate Code section 6453, subdivision (b), and the constitutional questions presented are correct. Under the facts of this case, a natural parent and child relationship cannot be established under that statute as between Amine Britel and A.S. because (1) no court order declaring paternity was entered during Amine’s lifetime, (2) Amine did not openly hold A.S. out as his own child, and (3) it was not impossible for Amine to have held A.S. out as his own child. Under the authorities cited in the majority opinion, the statute is constitutional.
I write separately to invite the Legislature to revisit Probate Code section 6453, subdivision (b), in light of the current state of DNA science and the societal interest in protecting children. Specifically, I urge the Legislature to add to the list of conditions for proving the existence of a natural parent and child relationship that paternity may be established by DNA evidence if the father, during his lifetime, acknowledged fathering the child, regardless of whether he publicly or openly held out the child as his own.
In this case, it is without question that Amine is the father of A.S. The DNA test performed pursuant to court order found a 99.9996 percent probability that Amine was A.S.’s father. The statute as it currently stands does not address significant advances in genetic testing that have occurred since the statute was last substantively amended. This court may not, however, read into the statute an additional means for determining paternity in intestate succession cases. “The contention that scientific advances in genetic testing have rendered this construction of the statute obsolete by removing the uncertainty of proof that justified the restrictive nature of the statute is more appropriately addressed to the Legislature.” (14 Witkin, Summary of Cal. Law (10th ed. 2005) Wills and Probate, § 94, p. 159, citing Estate of Sanders (1992) 2 Cal.App.4th 462, 476 [3 Cal.Rptr.2d 536].)
A purpose of the intestacy statutes is to effectuate the transfer of property the decedent would have wanted if he or she had made a will by determining the decedent’s likely intent. (Estate of Joseph (1998) 17 Cal.4th 203, 212 [70 Cal.Rptr.2d 619, 949 P.2d 472].) Another important purpose of intestacy statutes is to serve our societal interests and values. “At issue in thinking about intestacy statutes is not only what a decedent wants, but what society wants.” (Gary, Adapting Intestacy Laws to Changing Families (2000) 18 Law & Ineq. 1, 13.) Probate Code section 6453, subdivision (b), as it now stands, addresses these societal interests and values in some respects. My suggestion is that the statute be amended to protect the intestate succession rights of those nonmarital children, especially minors, whose fathers have acknowledged them. This amendment would improve the statute by ensuring the financial well-being of an innocent child, even though his or her father *150 did not openly hold him or her out as his own within the meaning of the statute as it is now worded.
California has a rich history of protecting and supporting children. Courts have consistently recognized the rights of children, including nonmarital children. (Darces v. Woods (1984) 35 Cal.3d 871, 891 [201 Cal.Rptr. 807, 679 P.2d 458] [“innocent children cannot be explicitly disadvantaged on the basis of their status of birth . . .”]; Arizmendi v. System Leasing Corp. (1971) 15 Cal.App.3d 730, 737 [93 Cal.Rptr. 411] [“To grant the right to sue for the wrongful death of the natural father of a legitimate minor child, to such child, and at the same time, solely by reason of status created by legislative enactment, to deny such right to an illegitimate minor child appears to be an artificial, discriminatory barrier which should not be recognized or tolerated in the law.”]; Estate of Woodward (1964) 230 Cal.App.2d 113, 118 [40 Cal.Rptr. 781] [children born during or outside parents’ marriage treated the same for purpose of determining parents’ obligation of support].) The United States Supreme Court, too, has struck down laws discriminating against children whose parents were not married to each other when the children were bom. (Clark v. Jeter (1988) 486 U.S. 456 [100 L.Ed.2d 465, 108 S.Ct. 1910]; Pickett v. Brown (1983) 462 U.S. 1 [76 L.Ed.2d 372, 103 S.Ct. 2199]; Trimble v. Gordon (1977) 430 U.S. 762 [52 L.Ed.2d 31, 97 S.Ct. 1459]; Gomez v. Perez (1973) 409 U.S. 535 [35 L.Ed.2d 56, 93 S.Ct. 872]; Weber v. Aetna Casualty & Surety Co. (1972) 406 U.S. 164 [31 L.Ed.2d 768, 92 S.Ct. 1400]; Glona v. American Guarantee Co. (1968) 391 U.S. 73 [20 L.Ed.2d 441, 88 S.Ct. 1515].)
Probate Code section 6453, subdivision (b) should be amended to permit establishment of a parent and child relationship by DNA evidence, and acknowledgement by the father that the child is his, albeit without publicly or openly holding out the child as his own. Accordingly, I respectfully urge the Legislature to permit children to inherit intestate based on (1) clear and convincing genetic evidence of paternity and (2) clear and convincing evidence that the father, during his lifetime, acknowledged fathering the child.
A petition for a rehearing was denied May 15, 2015, and the opinion was modified to read as printed above. Appellants’ petition for review by the Supreme Court was denied July 29, 2015, S226832.