Filed 2/3/22 K.T. v. L.H. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| K. T.,<br><br>    Respondent,<br><br>    v.<br><br>L. H.,<br><br>    Appellant. | D078689<br><br><br>(Super. Ct. No. 18FL014744C) |

APPEAL from a judgment of the Superior Court of San Diego County, Marcella O. McLaughlin, Judge. Reversed.

Law Office of Anthony J. Boucek and Anthony J. Boucek for Appellant. No appearance for Respondent.

L. H. (Mother) and K. T. (Father) were divorced in 2019 and share a young son. Mother challenges an order of the family court requiring her to undergo a mental health evaluation and participate in counseling until released by the therapist. Father did not file a response to Mother's opening brief. Because the court's order failed to make the findings required by Family Code section 3190, we reverse.

FACTUAL AND PROCEDURAL BACKGROUND

Mother and Father were married in 2016 and their son was born in 2017. The minor was born deaf, and at the time of the proceedings at issue, was under the care of several medical specialists and enrolled in a school for the hearing impaired. The parties finalized their divorce in 2019. The judgment of dissolution included custody and visitation orders giving Mother, who resides in San Diego, primary physical custody, with regular visitation for Father, who resides in Glendale.

In 2020, Father filed a request for order (RFO) seeking full legal and physical custody of the minor. Prior to filing the RFO, Father and Mother participated in mediation with family court services. The mediator recommended joint legal custody and that Mother continue primary physical custody of the minor and that the visitation schedule remain the same.

Father filed a declaration in support of his RFO. In it, he alleged Mother had instructed the minor's education and health care providers to withhold information from him. Father also alleged that Mother was not following the existing custody and visitation order, and in some instances preventing Father from seeing the minor. Father further asserted that after his visits with the minor, the transitions back to Mother were extremely difficult and the minor did not want to return to Mother.

Father stated that Mother was scheduled to be incarcerated later that year for several months and that she was refusing to allow Father to care for their son during that time. Father also alleged Mother was abusing the judicial system, filing serial restraining orders to attempt to prevent Father from being with the minor, and falsely reporting to the police that Father abused her. Father also explained that Mother had been arrested in 2018 for throwing a spoon at him, and again in 2019 for child endangerment (the

2

charge for which she faced incarceration).  Based on these arrests, Father asked the court to impose a presumption under Family Code section 3044[1] that it was not in the minor's best interest for Mother to maintain custody.

Mother filed a response to Father's declaration.  She argued the court should follow the recommendation of the mediator and maintain the existing custody and visitation order.  She asserted Father was preventing her from having video calls with the minor when he was in Father's care, and accused Father of filing a false police report alleging she harmed the minor based on "a very small bruise [o]n his knee."  Mother stated she had recently sought a fifth restraining order because of Father's false accusation to the police.

Mother also described the circumstances of the child endangerment conviction, explaining that in the fall of 2018, while still married to Father, she feared he was going to kidnap the minor so she left him in the car while she went into a tanning salon.  An employee called the police and Mother was charged a year later by the San Diego City Attorney.  She was sentenced to 20 days in jail and ordered to complete parenting classes.  Mother also explained she was recently granted house arrest in place of jail time.

Mother also asserted Father had a drug and alcohol problem, and that he suffered from severe mental illness requiring prescription medication, which she said Father also abused.  Mother stated she feared for the minor's safety while in Father's care because of his addiction.  Mother also alleged she was being harassed by Father's girlfriend and mother.  Finally, she stated Father was not equipped to care for the minor because he had never participated in the minor's medical treatment or education.

A hearing on Father's RFO took place over two days by videoconference.  Both parents appeared at the hearing and were self-

---

[1]     Subsequent statutory references are to the Family Code.

represented. On the second hearing date, the court also considered Mother's most recent request for a restraining order.

During the hearing, Father reiterated the assertions made in his declaration. He also argued Mother should be precluded from custody and unsupervised visitation under both sections 3030 and 3044. Father asserted that Mother would not support his relationship with the minor, that she was endangering the minor by dating men with criminal records, and that her anger and inability to control her emotions were detrimental to the child.

During Father's testimony and argument, Mother was repeatedly admonished by the court not to interrupt and several times the court muted her microphone. The court expressed frustration with Mother throughout the two hearing days.

During her testimony and argument, Mother reiterated the points made in her declaration opposing the RFO. She asserted the court should follow the recommendation of the mediator, who had investigated the allegations made by Father. Mother told the court Father and his mother had wanted to remove Mother from the minor's life since his birth. She also argued that Father's RFO was motivated by his desire to have weekends free to spend time with his new girlfriend, and that the minor was cared for only by the paternal grandmother when he was with Father.

At the conclusion of the hearing, the court stated that it was denying the RFO for now, but that in the future it envisioned ordering a custody arrangement that gave the parties equal time with the minor. The court stated that because of Mother's prior conviction for child endangerment, section 3030 applied. However, the court found there was no significant risk to the minor if he remained in Mother's care. The court also found the presumption under section 3044 applied, but that it was in the minor's best

4

interest to remain in the care of Mother and that the removal of the minor from her care would be detrimental to him. The court noted, however, that it appeared Mother was using the "temporary restraining order as a coparenting tool of offense and defense," which was not appropriate or healthy for the minor.[2] The court indicated that Mother's continued inability to peacefully coparent with Father could be a basis to modify the parenting plan in the future.

At the conclusion of its ruling, without any prior indication it would do so, the court ordered Mother to "engage in a mental health evaluation to address any mental health issues or concerns and to follow the direction of the mental health evaluator." The court also ordered Mother to participate in "counseling with a licensed mental health practitioner until released by the therapist," and that issues to be addressed in counseling should "include any recommendations made by a mental health evaluator, as well as regulating emotions, high-conflict relationships, and stress management." Thereafter, a final order setting forth the court's rulings was entered.

DISCUSSION

On appeal, Mother challenges only the court's orders requiring her to undergo a mental health evaluation and to engage in counseling. She argues the imposition of these orders without notice was a violation of her due process rights and that to impose them, the court was required to make specific findings under section 3190. Father did not file a response to Mother's appeal.

Section 3190 authorizes a family court to order a parent involved in a custody or visitation dispute to participate in outpatient counseling for not

[2] The court also denied Mother's request for a restraining order. In this ruling, the court remarked on the "high-conflict," "dysfunctional" nature of the parties' relationship.

5

more than one year, provided the court makes specific findings that (1) the dispute poses a substantial danger to the best interest of the child and the counseling is in the best interest of the child, and (2) the financial burden created by the order for counseling does not otherwise jeopardize the parent's other financial obligations; the court must also set forth its reasons for making these findings. (§ 3190, subds. (a) & (d).) In addition, once the court has made a finding that the order for counseling does not jeopardize the parent's other financial obligations, it must fix the cost of the counseling and order that the costs "be borne by the parties in the proportions the court deems reasonable." (§ 3190, subd. (c).)

Section 3190 and its precursor, former Civil Code section 4608.1 (repealed by Stats. 1992, ch. 162, § 3, eff. Jan. 1, 1994), were enacted to address due process concerns in requiring a parent to undergo involuntary therapy or counseling in a family court setting outside of dependency jurisdiction. (*In re Chantal S.* (1996) 13 Cal.4th 196, 207, 210–211; *In re Katherine M.* (1994) 27 Cal.App.4th 91, 99–100 (*Katherine M.*).) Chief concerns to the Legislature were that the family court counseling order be of limited duration and automatically expire; that the court make express findings about the circumstances warranting a counseling order; and that the court fix the costs of the court-ordered counseling and apportion the cost among the parties so as not to jeopardize their other financial obligations. (*Katherine M., supra*, 27 Cal.App.4th at p. 100.)

Here, the court failed to address section 3190 or make the findings required by the provision. Of concern, the order sets no duration and instead states Mother is required to undergo counseling "until released by the therapist." Similar open-ended counseling orders have been found to violate a parent's due process rights. (See *In re Marriage of Matthews* (1980) 101

6

Cal.App.3d 811, 817–818 [absent legislative authorization for counseling of indefinite duration as a condition of visitation, such order violates parent's due process rights] and *Camacho v. Camacho* (1985) 173 Cal.App.3d 214, 221 [same].)

In addition, the order at issue does not fix the cost of the counseling or apportion it among Mother and Father.  Thus, even if we were to imply findings from the hearing transcript that the custody dispute posed a substantial danger to the best interests of the minor and that ordering Mother to participate in counseling would be in his best interests, the order mandating counseling still does not comport with section 3190 and cannot stand.  (*Katherine M., supra*, 27 Cal.App.4th at p. 100.)  Accordingly, we reverse the order to the extent it requires Mother to undergo involuntary counseling.

## DISPOSITION

The custody and visitation order is reversed to the extent it requires Mother to participate in a mental health evaluation and counseling.  Our decision is without prejudice to further proceedings in the trial court for an order regarding counseling, if such an order is warranted in the present circumstances of the parties.  The order is affirmed in all other respects. Costs on appeal are awarded to Mother.

McCONNELL, P. J.

WE CONCUR:

HUFFMAN, J.

IRION, J.